IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:14-CV-02441 |
| A&M CONTRACTORS, INC., *et al.*, | § § | |
| Defendants. | § § | |

### DEFENDANT, TIDEPORT DISTRIBUTING, INC.'S
### ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE KENNETH M. HOYT:

COMES NOW, **TIDEPORT DISTRIBUTING, INC.**, one of the Defendants in the above-referenced and numbered cause, and files this its Answer to the claims made against it by Plaintiff, USOR Site PRP Group, in its First Amended Complaint (Document 1463) and, in support thereof, would respectfully show unto this Honorable Court as follows:

### I.
### STATEMENT OF THE CASE

1.  Paragraph 1 of the First Amended Complaint states introductory legal conclusions for which no answer is required, and Tideport Distributing, Inc. neither admits nor denies the contents of this Paragraph. To the extent Paragraph 1 states factual allegations, they are denied.

2.  Paragraph 2 of the First Amended Complaint describes relief requested for which no answer is required, and Tideport Distributing, Inc. neither admits nor denies the contents of Paragraph 2. However, Tideport Distributing, Inc. does deny that Plaintiff is entitled to the relief

described in Paragraph 2. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 pertaining to parties other than Tideport Distributing, Inc. To the extent any of the allegations in Paragraph 2 are deemed to be factual matters, Tideport Distributing, Inc. denies them as relating to Tideport Distributing, Inc. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the First Amended Complaint describes relief requested for which no answer is required, and Tideport Distributing, Inc. neither admits nor denies the contents of Paragraph 3. Moreover, Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 pertaining to parties other than Tideport Distributing, Inc. To the extent Paragraph 3 states any factual allegations against Tideport Distributing, Inc., those allegations are hereby denied.

## II.
## JURISDICTION AND VENUE

4. Tideport Distributing, Inc. admits that this Court has subject matter jurisdiction over this matter as stated in Paragraphs 4-5 of the First Amended Complaint. Tideport Distributing, Inc. further admits that venue is proper in this judicial district.

## III.
## ALLEGATIONS COMMON TO ALL CLAIMS

5. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6-29 of the First Amended Complaint. To the extent Paragraphs 6-29 state any factual allegations against Tideport Distributing, Inc., those allegations are denied.

## IV.
## THE PARTIES

6. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 30-871 of the First Amended Complaint. To the extent Paragraphs 30-871 state any factual allegations against Tideport Distributing, Inc., those allegations are denied.

7. Tideport Distributing, Inc. denies the allegations contained in Paragraph 872 of the First Amended Complaint.

8. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 873-2047 of the First Amended Complaint. To the extent an answer is required, Tideport Distributing, Inc. denies the allegations contained in Paragraphs 873-2047 of the First Amended Complaint.

9. Tideport Distributing, Inc. denies any current affiliation with Tideport Petroleum, Inc. as stated in Paragraph 2048 of the First Amended Complaint. To the extent Paragraph 2048 states any factual allegations against Tideport Distributing, Inc., those allegations are denied.

10. Tideport Distributing, Inc. has no knowledge of the facts underlying the allegations asserted in Paragraph 2049 of the First Amended Complaint. To the extent Paragraph 2049 states any factual allegations against Tideport Distributing, Inc., those allegations are denied.

11. Tideport Distributing, Inc. has no knowledge of the facts underlying the allegations asserted in Paragraph 2050 of the First Amended Complaint. To the extent Paragraph

2050 states any factual allegations against Tideport Distributing, Inc., those allegations are denied.

12. Tideport Distributing, Inc. has no knowledge of the facts underlying the allegations asserted in Paragraph 2051 of the First Amended Complaint. To the extent Paragraph 2051 states any factual allegations against Tideport Distributing, Inc., those allegations are denied.

13. Tideport Distributing, Inc. has no knowledge of the facts underlying the allegations asserted in Paragraph 2052 of the First Amended Complaint. To the extent Paragraph 2052 states any factual allegations against Tideport Distributing, Inc., those allegations are denied.

14. In response to Paragraph 2053 of the Amended Complaint, Tideport Distributing, Inc. admits that it has not participated in the USOR Site PRP Group and has not paid any response costs incurred by the USOR Site PRP Group at the USOR Site. Tideport Distributing, Inc. denies the remaining allegations contained in Paragraph 2053 of the Complaint and denies that it owes response costs.

15. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2054-2334 of the First Amended Complaint. To the extent an answer is required of Tideport Distributing, Inc., Paragraphs 2054-2334 of the First Amended Complaint are denied.

## V.
## COUNT I – COST RECOVERY UNDER CERCLA

16.     For its answer to Paragraph 2335 of the First Amended Complaint, Tideport Distributing, Inc. re-alleges and incorporates by reference its answers to Paragraphs 1-2334.

17.     Paragraphs 2336-2352 of the First Amended Complaint purport to recite portions of Sections 101 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 and 9607. These statutory sections speak for themselves and, therefore, require no answer. To the extent a response is required, Tideport Distributing, Inc. denies that it has liability under the statutory sections set forth in these Paragraphs.

## VI.
## COUNT II – CONTRIBUTION UNDER CERCLA

18.     For its answer to Paragraph 2353 of the First Amended Complaint, Tideport Distributing, Inc. re-urges and incorporates by reference its answers to Paragraphs 1-2352.

19.     Paragraphs 2353 through 2358 of the First Amended Complaint purports to recite a portion of Section 113 of CERCLA, 42 U.S.C. § 9613. This statutory section speaks for itself and, therefore, requires no answer. To the extent required, Tideport Distributing, Inc. denies liability to Plaintiff under the statutory sections set forth in these Paragraphs.

## VII.
## COUNT III – DECLARATORY RELIEF UNDER CERCLA

20.     For its answer to Paragraph 2359 of the First Amended Complaint, Tideport Distributing, Inc. re-urges and incorporates by reference its answers to Paragraphs 1-2358.

21. Tideport Distributing, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2359 through 2360 of the First Amended Complaint.

22. Paragraphs 2361 through 2363 of the First Amended Complaint purports to recite a portion of Section 113 of CERCLA, 42 U.S.C. § 9613(g)(2) *et. seq.* This statutory section speaks for itself and, therefore, requires no answer. To the extent an answer is required, Tideport Distributing, Inc. denies the allegations contained in this Paragraph.

23. Paragraph 2363 of the First Amended Complaint describes relief requested for which no answer is required, and Tideport Distributing, Inc., therefore, neither admits nor denies the allegations contained in Paragraph 2363.

## VIII.

## COUNT IV – COST RECOVERY UNDER TSWDA

24. For its answer to Paragraph 2364 of the First Amended Complaint, Tideport Distributing, Inc. re-alleges and incorporates by reference its answers to Paragraphs 1-2363.

25. Paragraphs 2364 through 2375 of the First Amended Complaint purports to recite a portion of Section 361.344(a) of the Texas Solid Waste Disposal Act ("TSWDA"), TEX. HEALTH & SAFETY CODE § 361.344. This statutory section speaks for itself and, therefore, Tideport Distributing, Inc. neither admits nor denies the contents of this Paragraph. To the extent an answer is required, Tideport Distributing, Inc. denies liability to Plaintiff under this statutory section of the TSWDA.

## IX.

## COUNT V – BREACH OF CONTRACT

26. For its answer to Paragraph 2376 of the First Amended Complaint, Tideport Distributing, Inc. re-alleges and incorporates by reference its answers to Paragraphs 1-2375.

27. Tideport Distributing, Inc. denies that it was a party to the Participation Agreement as referenced in Paragraphs 2376 through 2381 and therefore, Tideport Distributing, Inc. denies the allegations in Paragraphs 2376 through 2381 with respect to Tideport Distributing, Inc.

## X.
## TIDEPORT DISTRIBUTING, INC.'S AFFIRMATIVE DEFENSES

Without waiving any of the foregoing, and in the alternative, Tideport Distributing, Inc. would assert the following affirmative defenses to Plaintiff's claims:

1. Plaintiff fails to allege facts sufficient to establish that the named Plaintiff, "USOR Site PRP Group" is a "person" as that term is defined in CERCLA, 42 U.S.C. § 9601(21) or Section 361.003(23) of the TSWDA, TEX. HEALTH & SAFETY CODE § 361.003(23). Therefore, the named Plaintiff lacks standing to bring and cannot state the claims it purports to assert under CERCLA in Counts I, II and III of the First Amended Complaint and the TWSDA in County IV of the First Amended Complaint.

2. Counts I, II, III and IV of the First Amended Complaint each fails to allege facts sufficient to state a claim against Tideport Distributing, Inc. upon which relief can be granted, and fails to meet the pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and pursuant to Federal Rule of Civil Procedure 12(b)(6) all four counts should be dismissed with prejudice as a matter of law.

3.   Plaintiff fails to allege that Tideport Distributing, Inc. had the requisite intent to dispose of hazardous substances at the USOR Site, as required by *Burlington Northern and Santa Fe Ry. Co., et al. v. United States, et al.*, 556 U.S. 599 (2009). Therefore, Plaintiff has failed to state a claim for "arranger" liability under CERCLA in Counts I, II and III of the Complaint.

4.   Although Tideport Distributing, Inc. denies that it is liable in any respect for the alleged releases or threatened releases alleged in Plaintiff's First Amended Complaint, or for the costs and expenses allegedly incurred to respond to those purported releases, to the extent Tideport Distributing, Inc. is ultimately found to be liable, it is entitled to an offset and credit against any such liability for the equitable share of liability of any other person who would be liable under CERCLA or TWSDA.

5.   Tideport Distributing, Inc. would show that it never owned, operated, or exercised any control or right of control over the USOR Site or its operations.

6.   Tideport Distributing, Inc. would show that as a transporter, and not a generator, Tideport Distributing, Inc. had neither direct nor indirect role in the selection of the site in question. *Tippins Inc. v. USX Corp.* 37 F.3d 87 (3d Cir. 1994).

7.   Tideport Distributing, Inc. would show that Plaintiff has failed to mitigate its damages.

8.   Tideport Distributing, Inc. would show that Plaintiff has failed to perform all necessary conditions precedent before filing its First Amended Complaint in this matter.

8

9. Tideport Distributing, Inc. would show that to the extent Plaintiff suffered any damages, such damages (assuming they actually exist) were caused by the acts of independent third parties over whom Tideport Distributing, Inc. exercised no control or right of control.

10. Tideport Distributing, Inc. would further show that Plaintiff's alleged damages, if any, were the result of intervening or superseding causes.

11. Tideport Distributing, Inc. specifically denies that it is liable in any way to Plaintiff for any of the damages that have been alleged in Plaintiff's First Amended Complaint.

12. Tideport Distributing, Inc. reserves its right to assert additional affirmative defenses in the event further discovery or further proceedings indicate that such defenses would be appropriate in this case.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **TIDEPORT DISTRIBUTING, INC.**, respectfully prays that the Court enter an order denying all relief requested by Plaintiff, USOR Site PRP Group in its First Amended Complaint, that the Court dismiss Plaintiff's claims against Tideport Distributing, Inc. with prejudice to re-filing, that the Court award Tideport Distributing, Inc. its reasonable costs of suit, and that the Court grant Tideport Distributing, Inc. such other and further relief, both general and special, at law or in equity, to which Tideport Distributing, Inc. may show itself to be justly entitled.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

        By:   /s/Christopher W. Martin
               Christopher W. Martin
               Federal I.D. No. 13515
               State Bar No. 13057620

        808 Travis, Suite 1800
        Houston, Texas 77002
        713-632-1700 (Telephone)
        713-222-0101 (Facsimile)
        martin@mdjwlaw.com
        ATTORNEY-IN-CHARGE FOR
        DEFENDANTTIDEPORT DISTRIBUTING, INC.

OF COUNSEL:
Gary L. Pate
Federal I.D. 29713
State Bar No.: 24029763
Martin, Disiere, Jefferson & Wisdom L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)
pate@mdjwlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Answer was served upon all known counsel of record on the 14th day of September, 2015, via the Notice of Electronic Filing Service in accordance with the Federal Rules of Civil Procedure.

                                              */s/ Gary L. Pate*
                                              Gary L. Pate