IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-02441 |
| | § | |
| A&M CONTRACTORS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT M&M PROTECTION LLC'S ORIGINAL ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant M&M Protection, LLC's ("M&M") files this original answer to Plaintiff's

First Amended Complaint and would show as follows:

**STATEMENT OF THE CASE**

1.      Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case" section,

contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the

Federal Rules of Civil Procedure. To the extent such a response is required, M&M admits that

Paragraphs 1-3 summarize the claims asserted in Plaintiff's First Amended Complaint by the

members of the USOR Site PRP Group, but denies that the members of the USOR Site PRP

Group are entitled to the relief requested.  M&M denies that the U.S. Oil Recovery Superfund

Site includes "any area where hazardous substances that migrated from the U.S. Oil Recovery

Site have come to be located."

**JURISDICTION AND VENUE**

2.      M&M admits the "Jurisdiction and Venue" allegations in Paragraphs 4-5.

**ALLEGATIONS COMMON TO ALL CLAIMS**

3.      M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations in Paragraph 6 and Paragraph 7 and, therefore, denies the allegations. In response to the allegations in Paragraph 8, M&M denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery Site ("USOR Site") through hazardous waste manifests and invoices, and denies that such records were complete or accurate. In response to Paragraphs 9 through 19, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraphs 20 through 21, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraphs 22 through 28, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraph 29, M&M lacks sufficient knowledge or information to formulate a belief as  to the truth of the allegations, except that M&M denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29.

**THE PARTIES**

4.      In response to Paragraph 30, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies  the allegations.

5.      Paragraphs 31 through 1293 are allegations against defendants other than M&M. M&M lacks sufficient knowledge or information to formulate a belief as to

the truth of any of the allegations in Paragraphs 31 through 1293 and, therefore, denies the allegations.

6.      Paragraphs 1294 through 1299 contain allegations against M&M. In response to Paragraph 1294, M&M denies the allegations.

7.      In response to Paragraph 1295, M&M denies the allegations.

8.      In response to Paragraph 1296, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies   the allegations.

9.      In response to Paragraph 1297, M&M denies the allegations.

10.     In response to Paragraph 1298, M&M denies the allegations as stated, but admits that the USOR Site PRP Group made what appeared to be a non-negotiable settlement demand to M&M on or about December 2013.

11.     In response to Paragraph 1299, M&M admits the allegations that it has not paid any response cost.  M&M denies the remaining allegations in this paragraph.

12.     Paragraphs 1300-2334 are allegations against defendants other than M&M. M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the any of the allegations in Paragraphs 1300 through 2334 and, therefore, denies the allegations.

## COUNT I – COST RECOVERY UNDER CERCLA

13.     In response to Paragraph 2335, M&M incorporates by reference all of its responses to Paragraphs 1 through 2334 as if fully restated herein.

14.     Paragraphs 2336 through 2346 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal

Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, M&M denies the allegations.

15.     In response to Paragraphs 2344 through 2345, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

16.     In response to Paragraph 2346, M&M admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each of the defendants and, therefore, denies the allegations.

17.     In response to Paragraph 2347, M&M denies the allegation.

18.     In response to Paragraph 2348, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances.

19.     In response to Paragraph 2348, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

20.     In response to Paragraph 2349, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

21.     In response to Paragraph 2350, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

22.     In response to Paragraph 2351, M&M denies the allegations.

23.     In response to Paragraph 2352, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that M&M is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site. M&M denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT II – CONTRIBUTION UNDER CERCLA

24.     In response to Paragraph 2353, M&M incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

25.     Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraph 2395, M&M denies the allegations.

26.     In response to Paragraph 2355, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

27.     In response to Paragraph 2356, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that M&M is a liable party under CERCLA. M&M admits that it has not entered into any agreement resolving any liability regarding the U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

28.     In response to Paragraph 2357, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

29.     In response to Paragraph 2358, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that M&M is a liable for an equitable share in contribution. M&M denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT III – DECLARATORY RELIEF UNDER CERCLA

30.     In response to Paragraph 2359, M&M incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

31.     In response to Paragraph 2360, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case and, therefore, denies the allegations. M&M denies that the members of the USOR Site PRP Group are entitled to declaratory relief.

32.     Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent it does, M&M denies the allegations.

33.     In response to Paragraphs 2362 through 2363, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that M&M is liable. M&M denies all other allegations in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT IV – COST RECOVERY UNDER TSWDA

34.      In response to Paragraph 2364, M&M incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

35.      Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, M&M denies the allegations.

36.      In response to Paragraph 2366, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

37.      Paragraphs 2367 through 2371 are comprised of quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, M&M denies the allegations.

38.      In response to Paragraph 2372, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

39.      In response to Paragraph 2373, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with M&M is "solid waste" under the TSWDA.

40.     In response to Paragraph 2374, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

41.     In response to Paragraph 2375, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from M&M. M&M denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT V – BREACH OF CONTRACT

42.     In response to Paragraph 2376, M&M incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

43.     In response to Paragraph 2377 through 2381, M&M lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

44.     Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against M&M pursuant to CERCLA.

45.     Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against M&M pursuant to the TSWDA.

46.     Plaintiff's allegations against M&M are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by M&M, or any alleged predecessor of M&M, caused any member of the USOR Site PRP Group to incur costs of response recoverable pursuant to CERCLA.

47.     Plaintiff's allegations against M&M are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which M&M, or any alleged predecessor of M&M, released any substance into the environment in violation of the TSWDA.

48.     At all times pertinent to Plaintiff's First Amended Complaint, M&M, or any alleged predecessor of M&M, acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

49.     Any release for which Plaintiff alleges that M&M, or any alleged predecessor of M&M, is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

50.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group resulted from an independent, intervening and/or supervening cause over which neither M&M, nor any alleged predecessor of M&M, had control, responsibility or liability.

51.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the acts or omissions of a third party or parties with whom M&M, or any alleged predecessor of M&M, had no contractual relationship or control.

52.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the criminal acts of a third party.

53.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused in whole or in part by Acts of God.

54.     Any contribution of M&M, if any, to the costs alleged in Plaintiff's First Amended Complaint, is *de minimus*.

55.     Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs that do not constitute costs of response pursuant to CERCLA or recoverable costs pursuant to the TSWDA, including any amounts paid by the members of the USOR Site PRP Group to their counsel of record.

56.     Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs for actions that exceed applicable regulatory requirements or are otherwise excessive or unnecessary and/or are inconsistent with the National Contingency Plan.

57.     Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, remediation or related activities for which it seeks recovery.

58.     Plaintiff's claims should be barred and/or reduced to the extent any member of the USOR Site PRP Group received or receives grants, funding or forgiveness of indebtedness from any governmental authority, settlement funds or other such payments from any third parties, or to the extent that recovery would be duplicative for any reason and/or would exceed recoverable response costs actually incurred.

59.     Plaintiff's claims pursuant to the TSWDA are barred to the extent such claims are preempted by federal law.

60.     The imposition of joint and several liability is inappropriate under the circumstances and in the context of the claims asserted in Plaintiff's First Amended Complaint because the response costs claimed are divisible and/or otherwise susceptible to equitable apportionment.  M&M is entitled to equitable apportionment.

61.     To the extent M&M is found liable for any response costs, M&M requests that the Court allocate the response costs amount to all responsible parties, as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

62.     Any substances for which M&M is allegedly responsible were not hazardous substances, were excluded petroleum products and/or are not otherwise substances within the purview of CERCLA or TSWDA.

63.     Plaintiff's claims are barred by limitations, statutes of repose or the equitable doctrine of laches.

64.     M&M did not arrange for the disposal of waste because the materials  were commercially valuable substances to be recycled by US Oil.

65.     Plaintiff is not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

66.     M&M reserves the right to raise any affirmative defense pleaded by any  of the other defendants.

67.     M&M's discovery in this matter is ongoing. Accordingly, M&M reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

<b>REQUEST FOR RELIEF</b>

WHEREFORE, PREMISES CONSIDERED, Defendant M&M Protection, LLC. respectfully requests that (a) Plaintiff take nothing by way of Plaintiff's First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause; (b) Plaintiff's claims be dismissed in their entirety with prejudice as to M&M; (c) judgment be entered in favor of M&M with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper.

Respectfully submitted

THE FUHR LAW FIRM

*/S/ Frederick L. Fuhr*

By: _____

Frederick L. Fuhr
T.B.A. No. 00798193/FID 22093
107 Landing Blvd., Ste. F
League City, TX 77573
281.332.1400 (office)
281.332.8885 (fax)
Email: RFuhr@aol.com
ATTORNEY FOR M&M PROTECTION, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing document was automatically accomplished on all known filing users through the Court's CM/ECF system and/or in accordance with the Federal Rules of Civil Procedure on:

Date: September 23, 2015

*/S/ Frederick L. Fuhr*

_____

Frederick L. Fuhr