UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § § § | |
| *Plaintiff* | § | CIVIL ACTION NO.: 4:14-CV-02441 |
| VS. | § § § | |
| A&M CONTRACTORS, INC., ET AL., | § § § | *Jury Trial Demanded* |
| *Defendant* | § | |

**DEFENDANT T&L ENVIRONMENTAL SERVICES, INC.'S
ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant T&L Environmental Services, Inc. ("T&L Environmental"), and files this Original Answer to the Complaint filed by Plaintiff USOR Site PRP Group ("Plaintiff"). T&L Environmental demands a trial by jury on the merits of each and every cause of action herein. T&L Environmental would respectfully show this Court as follows:

**I.
ANSWER AND SPECIFIC DENIALS TO PLAINTIFF'S COMPLAINT**

Subject to and without waiving any other defense contained in the context of this answer, T&L Environmental responds to the numbered paragraphs in Plaintiff's Complaint ("Complaint") as follows:

### A.   *Statement of the Case*

1.      In answering paragraphs 1 through 3, which are comprised of Plaintiff's "Statement of the Case," T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b). The paragraphs contain no factual allegations or claims that required admission or denial. To the extent any additional response is required, T&L Environmental admits that the paragraphs summarize the claims asserted in Plaintiff's Complaint by the members of Plaintiff (i.e., the USOR Site PRP Group), but denies that the members of Plaintiff are entitled to the relief requested. To the extent any allegations remain, they are denied.

### B.   *Jurisdiction and Venue*

2.      In answering paragraph 4, upon reasonable belief and investigation, it appears that Plaintiff is comprised of the numerous entities that settled Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") claims with the United States Environmental Protection Agency ("EPA"), thereby potentially invoking Section 113 contribution claims, and has brought claims against other potential responsible parties ("PRPs"), potentially invoking Section 107 claims. However, T&L Environmental is currently without sufficient information to admit or deny these beliefs, and therefore it remains possible that federal jurisdiction has not been implicated under CERCLA. Therefore, denied at this time.

3.      In answering paragraph 5, admit that venue is proper in the Southern District of Texas, Houston Division, should this Court have jurisdiction over the matter. Admit that Harris County, Texas, is the proper venue, should Plaintiff's claims only be actionable in a Texas (state) court.

### C.  Allegations Common to All Claims

4. In answering paragraphs 5 through 30, T&L Environmental denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29. T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of the remaining allegations, and therefore deny same.

### D.  The Parties

5. In answering paragraph 31, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding what entities comprise Plaintiff, and therefore deny same.

6. In answering paragraphs 32 through 2376, these paragraphs are allegations against the named Defendants. These allegations assert an alleged amount of hazardous substances was released, or threatened to be released, by the acts of each specific Defendant at the sites in question. As to paragraph 1971, T&L Environmental admits that site records provided by Plaintiff reflect that T&L Environmental delivered two shipments of 5,040 units each of organic waste to an unspecified United States Oil Recovery ("USOR") site on or about September 3, 2004. Admit that the USOR representative signed for receipt of the organic waste. Deny that any such waste contained hazardous substances. Deny that the content of the waste was "selected by T&L Environmental." As to paragraph 1972, admit that no "response costs" have been paid to Plaintiff by T&L Environmental. T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations in the remaining 2342 paragraphs (i.e., paragraphs 32 through 1970, and paragraphs 1973 through 2376), and therefore deny same.

### E.     Count I – Cost Recovery Under CERCLA

7.     In answering paragraphs 2377 through 2388, which reassert the previous paragraphs of the Complaint and set out statutory authority, T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b). The paragraphs contain no factual allegations or claims that required admission or denial. To the extent any response is necessary, denied.

8.     In answering paragraph 2389, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding what entities are liable to Plaintiff, if any. T&L Environmental denies that it was an "arranger or generator" of materials containing the hazardous substances in question. T&L Environmental denies it was a "transporter of hazardous substances who selected the USOR Site for the disposal of such hazardous substances, and who did dispose of such hazardous substances at the Site." To the extent any allegations remain, they are denied.

9.     In answering paragraph 2390, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding the City of Pasadena's ownership of the USOR site. To the extent any response is necessary, denied.

10.    In answering paragraphs 2391 through 2392, T&L Environmental denies Plaintiff has suffered any damages as a result of any conduct of T&L Environmental. T&L Environmental demands legal proof of any damages allegedly caused.

11. In answering paragraphs 2391 through 2392, T&L Environmental denies Plaintiff has suffered any damages as a result of any conduct of T&L Environmental. T&L Environmental demands legal proof of any damages allegedly caused.

12. In answering paragraph 2393, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding what entities are liable to Plaintiff, if any. T&L Environmental denies it is liable to Plaintiff. T&L Environmental denies Plaintiff is entitled to recover for "response costs," judgment interest, costs of court, attorneys' fees, or any other relief potentially available to Plaintiff.

### F. Count II – Contribution under CERCLA

13. In answering paragraphs 2394 through 2395, which reassert the previous paragraphs of the Complaint and set out statutory authority, T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b). The paragraphs contain no factual allegations or claims that required admission or denial. To the extent any response is necessary, denied.

14. In answering paragraph 2396, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding resolution of EPA claims. Upon reasonable belief and investigation, several entities comprising Plaintiff did apparently enter into a settlement agreement with the EPA. To the extent any additional allegations remain, they are denied.

15. In answering paragraphs 2397 through 2399, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding what entities are liable to Plaintiff, if any. T&L Environmental denies it is liable

to Plaintiff. T&L Environmental denies Plaintiff is entitled to recover for contribution, judgment interest, costs of court, attorneys' fees, or any other relief potentially available to Plaintiff.

### G. Count III – Declaratory Relief under CERCLA

16. In answering paragraphs 2400 through 2402, which reassert the previous paragraphs of the Complaint and set out statutory authority, T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b). The paragraphs contain no factual allegations or claims that required admission or denial. To the extent any response is necessary, denied.

17. In answering paragraphs 2403 through 2404, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding what entities are liable to Plaintiff, if any. T&L Environmental denies it is liable to Plaintiff. T&L Environmental denies Plaintiff is entitled to declaratory relief, judgment interest, costs of court, attorneys' fees, or any other relief potentially available to Plaintiff.

### H. Count IV – Cost Recovery under TSWDA

18. In answering paragraphs 2405 through 2406, which reassert the previous paragraphs of the Complaint and set out statutory authority, T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b). The paragraphs contain no factual allegations or claims that required admission or denial. To the extent any response is necessary, denied.

19. In answering paragraph 2407, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding the

Texas Natural Resources Conservation Commission's approval of any activities performed by Plaintiff at the sites in question, and therefore deny same.

20.     In answering paragraphs 2408 through 2410, which set out statutory authority, T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b).  The paragraphs contain no factual allegations or claims that required admission or denial.  To the extent any response is necessary, denied.

21.     In answering paragraph 2411, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to whether Plaintiff falls under the purview of the TSWDA, and therefore deny same.

22.     In answering paragraphs 2412, T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations regarding what entities are liable to Plaintiff, if any.  T&L Environmental denies it is liable to Plaintiff.  T&L Environmental denies Plaintiff is entitled to the cost of response actions conducted, judgment interest, costs of court, attorneys' fees, or any other relief potentially available to Plaintiff.

I.     *Count V – Breach of Contract*

23.     In answering paragraph 2413, which reasserts the previous paragraphs of the Complaint, T&L Environmental asserts that the allegations are of a nature that require no response under Federal Rule of Civil Procedure 8(b).  The paragraphs contain no factual allegations or claims that required admission or denial.  To the extent any response is necessary, denied.

24. In answering paragraphs 2414 through 2418, T&L Environmental is not one of the Defendants alleged to have breached the "Participation Agreement." T&L Environmental lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations that such Defendants violated a contract with Plaintiff, and what damages may have resulted from any such breach, and therefore deny same.

## II.
## AFFIRMATIVE DEFENSES

25. Pleading further alternatively, and by way of affirmative defense, Plaintiff's claims fail pursuant to CERCLA and TSWDA, as T&L Environmental did not transport "hazardous" material to the sites in question. Any substances for which T&L Environmental is allegedly responsible were not "hazardous" materials or substances, were excluded petroleum products, and/or are not otherwise substances within the purview of CERCLA or TSWDA.

26. Pleading further alternatively, and by way of affirmative defense, at all times pertinent to Plaintiff's Complaint, T&L Environmental, or any alleged predecessor of T&L Environmental, acted with due care in accordance with all applicable statutory, regulatory, and/or industry requirements and standards.

27. Pleading further alternatively, and by way of affirmative defense, any release for which Plaintiff alleges that T&L Environmental, or any alleged predecessor of T&L Environmental, is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional, or local agency or government, or by a permit, license, or similar authorization from such entity or authority.

28. Pleading further alternatively, and by way of affirmative defense, any harm alleged, or costs incurred, by any member of Plaintiff resulted from an independent,

intervening, and/or supervening cause over which neither T&L Environmental, nor any alleged predecessor of T&L Environmental, had control, responsibility, or liability.

29. Pleading further alternatively, and by way of affirmative defense, any harm alleged or costs incurred by any member of Plaintiff are caused solely by the acts or omissions of a third party or parties with whom T&L Environmental, or any alleged predecessor of T&L Environmental, had no contractual relationship, or control.

30. Pleading further alternatively, and by way of affirmative defense, any harm alleged or costs incurred by any member of Plaintiff are caused solely by the criminal acts of a third party.

31. Pleading further alternatively, and by way of affirmative defense, any harm alleged or costs incurred by any member of Plaintiff are caused in whole or in part by Acts of God.

32. Pleading further alternatively, and by way of affirmative defense, any contribution of T&L Environmental, if any, to the damages and costs alleged in Plaintiff's Complaint, is *de minimus* and should be excluded from such claim.

33. Pleading further alternatively, and by way of affirmative defense, Plaintiff's claims are barred to the extent any member of Plaintiff seeks to recover costs for actions that exceed applicable regulatory requirements, or are otherwise excessive or unnecessary, and/or are inconsistent with the National Contingency Plan.

34. Pleading further alternatively, and by way of affirmative defense, Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, remediation, or related activities for which it seeks recovery.

35. Pleading further alternatively, and by way of affirmative defense, Plaintiff's claims should be barred and/or reduced to the extent any member of Plaintiff received or receives grants, funding, or forgiveness of indebtedness from any governmental authority, settlement funds, or other such payments from any third parties, or to the extent that recovery would be duplicative for any reason, and/or would exceed recoverable response costs actually incurred.

36. Pleading further alternatively, and by way of affirmative defense, Plaintiff's claims pursuant to the TSWDA are barred to the extent such claims are preempted by federal law.

37. Pleading further alternatively, and by way of affirmative defense, the imposition of joint and several liability is inappropriate under the circumstances and in the context of the claims asserted in Plaintiff's Complaint because the response costs claimed are divisible and/or otherwise susceptible to equitable apportionment. T&L Environmental is entitled to equitable apportionment.

38. Pleading further alternatively, and by way of affirmative defense, to the extent T&L Environmental is found liable for any response costs, T&L Environmental requests that the Court allocate the response costs amount to all responsible parties, as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

39. Pleading further alternatively, and by way of affirmative defense, Plaintiff's claims are barred by limitations, statutes of repose, or the equitable doctrine of laches.

40. Pleading further alternatively, and by way of affirmative defense, T&L Environmental would state that in the unlikely event that an adverse judgment would be

rendered against them, Defendant would respectfully request all available credits and/or offsets available by law.

41. Pleading further alternatively, and by way of affirmative defense, T&L Environmental would state that in the unlikely event that an adverse judgment would be rendered against them, T&L Environmental asserts all rights and entitlements to indemnity and contribution against any party in this case available at law, including through any contribution and proportionate responsibility schemes or provisions.

42. T&L Environmental reserves the right to raise any additional defenses that become apparent through the factual and legal development of this case.

## III.
### JURY DEMAND

43. T&L Environmental demands a jury be empaneled to try the facts and issues of this cause. A jury fee has been or will be paid in this connection.

## IV.
### RIGHT TO AMEND

44. Defendant T&L Environmental herein reserves the right to seek to amend these pleadings once discovery has been conducted, as would be permitted by the Federal Rules of Civil Procedure.

## V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, T&L Environmental respectfully prays that the Honorable Court dismiss any and all claims against them in their entirety, with prejudice, at Plaintiff's cost, and enter an order discharging it of all liability herein. T&L Environmental additionally pray for such further relief, at either law or equity, to which it may prove itself to be justly entitled.

Respectfully submitted,

**JOHANSON & FAIRLESS, L.L.P.**

/s/ Todd Taylor
TODD TAYLOR, #00785087
KEVIN KYSER, #24062832
1456 First Colony Blvd.
Sugar Land, Texas 77479
Telephone:  (281) 313-5000
Fax:              (281) 340-5100
Email:          ttaylor@jandflaw.com

**ATTORNEY FOR DEFENDANTS,
T&L ENVIRONMENTAL SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of *T&L Environmental Services, Inc.'s Answer to Plaintiff's Complaint* has been forwarded to the attorneys of record by CM/ECF service on this 2nd day of October, 2015:

/s/ Todd Taylor
TODD TAYLOR