UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| USOR SITE PRP GROUP,<br><br>    Plaintiff,<br><br>vs.<br><br>A&M CONTRACTORS, INC., ET AL<br><br>    Defendants. | Civil Action No. 4:14-cv-2441<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS CONN'S SERVICE CENTER, INC. AND CONN'S INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE KENNETH M. HOYT:

Defendants Conn's Service Center, Inc. and Conn's Inc. (collectively "Conn's") file this Answer to the claims made against it by Plaintiff, USOR Site PRO Group, in its First Amended Complaint ("Complaint").  Conn's expressly denies the existence of a legal entity known as Conn's Service Center, Inc.  Unless expressly admitted, each and every allegation of the Complaint, including any characterizations or allegations contained or implied in any headings or non-numbered paragraphs, are denied.

Conn's specifically reserves all rights under the Federal Rules of Civil Procedure, including the right to later file a motion to dismiss pursuant to F.R.C.P. 12(b)(6), that are available through the course of discovery in this action.  Conn's did not receive from Plaintiff, as directed by this Court, a copy of Order Doc. # 1515.  Therefore, Conn's did not have notice of the Court's September 30, 2015 deadline to notify Plaintiff's counsel in writing that it intends to file a motion to dismiss.

## I.
## STATEMENT OF THE CASE

1. Paragraph 1 of the Complaint states introductory legal conclusions for which no answer is required, and Conn's neither admits nor denies the contents of this Paragraph. To the extent Paragraph 1 states factual allegations, they are denied.

2. Paragraph 2 of the Complaint describes relief requested for which no answer is required, and Conn's neither admits nor denies the contents of Paragraph 2. However, Conn's does deny that Plaintiff is entitled to the relief described in Paragraph 2. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 pertaining to parties other than Conn's. To the extent any of the allegations in Paragraph 2 are deemed to be factual matters, Conn's denies them as relating to Conn's. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint describes relief requested for which no answer is required, and Conn's neither admits nor denies the contents of Paragraph 3. Moreover, Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 pertaining to parties other than Conn's. To the extent Paragraph 3 states any factual allegations against Conn's, then those allegations are denied.

## II.
## JURISDICTION AND VENUE

4. Paragraphs 4-5 of the Complaint state legal conclusions for which no answer is required, and Conn's neither admits nor denies the contents of Paragraphs 4-5. To the extent Paragraphs 4-5 state any factual allegations against Conn's, those allegations are denied.

## III.
## ALLEGATIONS COMMON TO ALL CLAIMS

5. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6-29 of the Complaint. To the extent Paragraphs 6-29 state any factual allegations against Conn's, those allegations are denied.

## IV.
## THE PARTIES

6. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 30-553 of the Complaint.

7. Conn's denies the allegations contained in Paragraph 554 of the Complaint.

8. Conn's denies the allegations contained in Paragraph 555 of the Complaint.

9. Conn's denies the allegations contained in Paragraph 556 of the Complaint.

10. Conn's denies the allegations contained in Paragraph 557 of the Complaint.

11. In response to Paragraph 558 of the Complaint, Conn's admits that it has not participated in the USOR Site PRP Group, and has not paid any response costs incurred by the USOR Site PRP Group at the USOR Site. Conn's denies the remaining allegations contained in Paragraph 558 of the Complaint.

12. Conn's denies the allegations contained in Paragraph 559 of the Complaint.

13. In response to Paragraph 560 of the Complaint, Conn's admits that it has not participated in the USOR Site PRP Group, and has not paid any response costs incurred by the USOR Site PRP Group at the USOR Site. Conn's denies the remaining allegations contained in Paragraph 560 of the Complaint.

14. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 561-2334 of the Complaint.

## V.
## COUNT I – COST RECOVERY UNDER CERCLA

15. For its answer to Paragraph 2335 of the Complaint, Conn's re-alleges and incorporates by reference its answers to Paragraphs 1-2334.

16. Paragraphs 2336-2346 of the Complaint purport to recite portions of Sections 101 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 and 9607. These statutory sections speak for themselves and, therefore, require no answer. Consequently, Conn's neither admits nor denies the allegations contained in these Paragraphs.

17. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2347-2352 of the Complaint as pertaining to parties other than Conn's. Conn's denies the allegations contained in Paragraphs 2347-2352 as they pertain to Conn's.

## VI.
## COUNT II – CONTRIBUTION UNDER CERCLA

18. For its answer to Paragraph 2353 of the Complaint, Conn's re-urges and incorporates by reference its answers to Paragraphs 1-2352.

19. Paragraph 2354 of the Complaint purports to recite a portion of Section 113 of CERCLA, 42 U.S.C. § 9613. This statutory section speaks for itself and, therefore, requires no answer. Consequently, Conn's neither admits nor denies the allegations contained in this Paragraph.

20. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2355 of the Complaint.

21. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2356 of the Complaint as pertains to parties other than Conn's. Conn's denies the allegations contained in Paragraph 2356 as they relate to Conn's.

22. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2357 of the Complaint.

23. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2358 of the Complaint as pertains to parties other than Conn's. Conn's denies the allegations contained in Paragraph 2358 as they relate to Conn's.

## VII.
## COUNT III – DECLARATORY RELIEF UNDER CERCLA

24. For its answer to Paragraph 2359 of the Complaint, Conn's re-urges and incorporates by reference its answers to Paragraphs 1-2358.

25. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2360 of the Complaint.

26. Paragraph 2361 of the Complaint purports to recite a portion of Section 113 of CERCLA, 42 U.S.C. § 9613. This statutory section speaks for itself and, therefore, requires no answer. Consequently, Conn's neither admits nor denies the allegations contained in this Paragraph.

27. Paragraph 2362 of the Complaint describes relief requested for which no answer is required, and Conn's therefore neither admits nor denies Paragraph 2362. However, Conn's does deny that named Plaintiff USOR Site PRP Group is entitled to the relief it describes in Paragraph 2362, or any relief from Conn's for that matter. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

2362 as pertaining to parties other than Conn's.  To the extent any of the allegations contained in Paragraph 2362 are deemed to be factual matters, such allegations are denied as to Conn's.

28. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2363 as pertaining to parties other than Conn's.  Conn's denies the allegations contained in Paragraph 2363 as they relate to Conn's.

## VIII.
## COUNT IV – COST RECOVERY UNDER TSWDA

29. For its answer to Paragraph 2364 of the Complaint, Conn's re-alleges and incorporates by reference its answers to Paragraphs 1-2363.

30. Paragraph 2365 of the Complaint purports to recite a portion of Section 361.344(a) of the Texas Solid Waste Disposal Act ("TSWDA"), TEX. HEALTH & SAFETY CODE § 361.344.  This statutory section speaks for itself and, therefore, Conn's neither admits nor denies the contents of this Paragraph.

31. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2366 of the Complaint.

32. Paragraphs 2367-2373 of the Complaint purport to recite portions of Section 361.003 of the Texas Solid Waste Disposal Act ("TSWDA"), TEX. HEALTH & SAFETY CODE § 361.003.  This statutory section speaks for itself and, therefore, Conn's neither admits nor denies the contents of this Paragraph.

33. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2374 of the Complaint.

34. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2375 as pertaining to parties other than Conn's.  Conn's denies the allegations contained in Paragraph 2375 as they relate to Conn's.

## IX.
## COUNT V – BREACH OF CONTRACT

35. For its answer to Paragraph 2376 of the Complaint, Conn's re-alleges and incorporates by reference its answers to Paragraphs 1-2375.

36. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2377-2381 of the Complaint.

## X.
## CONN'S AFFIRMATIVE DEFENSES

Without waiving any of the foregoing, and in the alternative, Conn's would assert the following affirmative defenses to Plaintiff's claims:

1. Plaintiff fails to allege facts sufficient to establish that the named Plaintiff, "USOR Site PRP Group" is a "person" as that term is defined in CERCLA, 42 U.S.C. § 9601(21) or Section 361.003(23) of the TSWDA, TEX. HEALTH & SAFETY CODE § 361.003(23). Therefore, the named Plaintiff lacks standing to bring and cannot state the claims it purports to assert under CERCLA in Counts I, II and III of the Complaint and the TWSDA in Count IV of the Complaint.

2. Counts I, II, III and IV of the Complaint each fails to allege facts sufficient to state a claim against Conn's upon which relief can be granted, and fails to meet the pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and pursuant to Federal Rule of Civil Procedure 12(b)(6) all four counts should be dismissed with prejudice as a matter of law.

3. Plaintiff fails to allege that Conn's had the requisite intent to dispose of hazardous substances at the USOR Site, as required by *Burlington Northern and Santa Fe Ry. Co., et al. v.*

*United States, et al*, 556 U.S. 599 (2009). Therefore, Plaintiff has failed to state a claim for "arranger" liability under CERCLA in Counts I, II and III of the Complaint.

4. Named Plaintiff "USOR Site PRP Group" is not a signatory to the "Administrative Settlement Agreement and Order on Consent for Removal Action," CERCLA Docket No. 06-10-11 ("Removal Action AOC"), referenced in Paragraphs 20-30 of the Complaint, and named Plaintiff "USOR Site PRP Group" has itself not incurred any response costs in connection with the USOR Site. Therefore, named Plaintiff "USOR Site PRP Group" fails to satisfy the statutory prerequisites necessary to bring a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607, a contribution action under Section 113 of CERCLA, 42 U.S.C. § 9613, or an action to recover the cost of response actions at the USOR Site under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE § 361.344.

5. If the Court finds that named Plaintiff "USOR Site PRP Group" has standing to bring a claim under CERCLA, and to the extent this claim is alleged to arise in whole or in part from response actions undertaken or response costs incurred pursuant to the Removal Action AOC, named Plaintiff is limited to pursue a claim for contribution against Conn's under Section 113 of CERCLA, 42 U.S.C. § 9613(f), and, as a matter of law, named Plaintiff cannot pursue a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607. *See, e.g., Exxon Mobil Corporation v. United States*, No. H-10-2386; H-11-1814, 2015 U.S. Dist. LEXIS 72593, at *62-66 (S.D. Tex. June 4, 2015).

6. To the extent that named Plaintiff "USOR Site PRP Group" has or will incur response costs, not inconsistent with the National Contingency Plan, relating to conditions caused in whole or in part by the act or omission of a third party, Conn's has no liability for any response costs under CERCLA or TWSDA.

7. Although Conn's denies that it is liable in any respect for the alleged releases or threatened releases alleged in the Complaint, or for the costs and expenses allegedly incurred to respond to those purported releases, to the extent Conn's is ultimately found to be liable, it is entitled to an offset against any such liability for the equitable share of liability of any other person who would be liable under CERCLA or TWSDA.

8. Conn's would show that it never owned, operated, or exercised any control or right of control over the USOR Site or its operations.

9. Conn's would show that it has the right to rely upon, and reasonably did rely upon, authorized and licensed transporters of hazardous substances, as well as the owners and operators of the USOR Site, to conduct their business carefully, safely and without injury in a manner to prevent any releases or threatened releases from the USOR Site.

10. Conn's would show that Plaintiff has failed to mitigate its damages.

11. Conn's would show that Plaintiff has failed to perform all necessary conditions precedent before filing its Complaint in this matter.

12. Conn's would show that to the extent Plaintiff suffered any damages, such damages (assuming they actually exist) were caused by the acts of independent third parties over whom Conn's exercised no control or right of control.

13. Conn's would further show that Plaintiff's alleged damages, if any, were the result of intervening or superseding causes.

14. Conn's specifically denies that it is liable in any way to Plaintiff for any of the damages that have been alleged in Plaintiff's Complaint.

15. Conn's reserves its right to assert additional affirmative defenses in the event further discovery or further proceedings indicate that such defenses would be appropriate in this case.

WHEREFORE, PREMISES CONSIDERED, Defendants, Conn's Service Center, Inc. and Conn's Inc. respectfully pray that the Court enter an order denying all relief requested by Plaintiff, USOR Site PRP Group in its First Amended Complaint, that the Court dismiss Plaintiff's claims against Conn's with prejudice to re-filing, that the Court award Conn's its reasonable costs of suit, and that the Court grant Conn's such other and further relief, both general and special, at law or in equity, to which Conn's may show itself to be justly entitled.

Dated:  October 15, 2015                    Respectfully submitted,

*/s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Phone: 409.866.3318
Fax:     409.866.5789
E-mail: thad@heartfieldlawfirm.com
            dru@heartfieldlawfirm.com

**COUNSEL FOR DEFENDANTS, CONN'S SERVICE CENTER, INC. AND CONN'S INC.**

-11-

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of October, 2015. Any other counsel of record will be served by first class mail.

                                                                 */s/ J. Thad Heartfield*
                                                                  J. Thad Heartfield