IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **USOR SITE PRP GROUP,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-02441 |
| | § | |
| **A&M CONTRACTORS, INC.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT, PROFESSIONAL AIR SYSTEMS, INC.'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE KENNETH M. HOYT:

COMES NOW, **PROFESSIONAL AIR SYSTEMS, INC.**, one of the Defendants in the above-referenced and numbered cause, and files this Answer to the claims made against it by Plaintiff, USOR Site PRP Group, in its First Amended Complaint (Document 1463) and, in support thereof, would respectfully show unto this Honorable Court as follows:

**I.
STATEMENT OF THE CASE**

1.   Paragraph 1 of the First Amended Complaint states introductory legal conclusions for which no answer is required, and Professional Air Systems, Inc. neither admits nor denies the contents of this Paragraph.  To the extent Paragraph 1 states factual allegations, they are denied.

2.   Paragraph 2 of the First Amended Complaint describes relief requested for which no answer is required, and Professional Air Systems, Inc. neither admits nor denies the contents of Paragraph 2.  However, Professional Air Systems, Inc. does deny that Plaintiff is entitled to the relief described in Paragraph 2.  Professional Air Systems, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2

pertaining to parties other than Professional Air Systems, Inc. To the extent any of the allegations in Paragraph 2 are deemed to be factual matters, Professional Air Systems, Inc. denies them as relating to Professional Air Systems, Inc. Professional Air Systems, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the First Amended Complaint describes relief requested for which no answer is required, and Professional Air Systems, Inc. neither admits nor denies the contents of Paragraph 3. Moreover, Professional Air Systems, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 pertaining to parties other than Professional Air Systems, Inc. To the extent Paragraph 3 states any factual allegations against Professional Air Systems, Inc., those allegations are hereby denied.

## II.
## JURISDICTION AND VENUE

4. Professional Air Systems, Inc. admits that this Court has subject matter jurisdiction over this matter as stated in Paragraphs 4-5 of the First Amended Complaint. Professional Air Systems, Inc. further admits that venue is proper in this judicial district.

## III.
## ALLEGATIONS COMMON TO ALL CLAIMS

5. Professional Air Systems, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6-29 of the First Amended Complaint. To the extent Paragraphs 6-29 state any factual allegations against Professional Air Systems, Inc., those allegations are denied.

## IV.
## THE PARTIES

6. Professional Air Systems, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 30-1607 of the First Amended Complaint. To the extent Paragraphs 30-1607 state any factual allegations against Professional Air Systems, those allegations are denied.

7. Professional Air Systems, Inc. denies the allegations as stated in Paragraph 1608 of the First Amended Complaint.

8. Professional Air Systems, Inc. denies the allegations as stated in Paragraph 1609 of the First Amended Complaint.

9. Professional Air Systems, Inc. denies the allegations as stated in Paragraph 1610 of the First Amended Complaint.

10. Professional Air Systems, Inc. denies the allegation asserted in Paragraph of 1611 of the First Amended Complaint concerning an alleged lack of cooperation with Plaintiff in investigating this matter, but admits that it has not paid Plaintiff any sum of money characterized as response costs allegedly incurred by Plaintiff.

11. Professional Air Systems, Inc. has no knowledge of the facts underlying the allegations asserted in Paragraphs 1612 through 2334 of the First Amended Complaint. To the extent Paragraphs 1612 through 2334 state or imply any factual allegations against Professional Air Systems, Inc., those allegations are denied.

## V.
## COUNT I – COST RECOVERY UNDER CERCLA

12. For its answer to Paragraph 2335 of the First Amended Complaint, Professional Air Systems, Inc. re-alleges and incorporates by reference its answers to Paragraphs 1-2334.

13. Paragraphs 2336-2352 of the First Amended Complaint purport to recite portions of Sections 101 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 and 9607. These statutory sections speak for themselves and, therefore, require no answer. To the extent a response is required, Professional Air Systems, Inc. denies that it has liability under the statutory sections set forth in these Paragraphs.

## VI.
## COUNT II – CONTRIBUTION UNDER CERCLA

14. For its answer to Paragraph 2353 of the First Amended Complaint, Professional Air Systems, Inc. re-urges and incorporates by reference its answers to Paragraphs 1-2352.

15. Paragraphs 2353 through 2358 of the First Amended Complaint purports to recite a portion of Section 113 of CERCLA, 42 U.S.C. § 9613. This statutory section speaks for itself and, therefore, requires no answer. To the extent required, Professional Air Systems, Inc. denies liability to Plaintiff under the statutory sections set forth in these Paragraphs.

## VII.
## COUNT III – DECLARATORY RELIEF UNDER CERCLA

16. For its answer to Paragraph 2359 of the First Amended Complaint, Professional Air Systems, Inc. re-urges and incorporates by reference its answers to Paragraphs 1-2358.

17. Professional Air Systems, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2359 through 2360 of the First Amended Complaint.

18. Paragraphs 2361 through 2363 of the First Amended Complaint purports to recite a portion of Section 113 of CERCLA, 42 U.S.C. § 9613(g)(2) *et. seq.* This statutory section

speaks for itself and, therefore, requires no answer. To the extent an answer is required, Professional Air Systems, Inc. denies the allegations contained in this Paragraph.

19. Paragraph 2363 of the First Amended Complaint describes relief requested for which no answer is required, and Professional Air Systems, Inc., therefore, neither admits nor denies the allegations contained in Paragraph 2363.

## VIII.

## COUNT IV – COST RECOVERY UNDER TSWDA

20. For its answer to Paragraph 2364 of the First Amended Complaint, Professional Air Systems, Inc. re-alleges and incorporates by reference its answers to Paragraphs 1-2363.

21. Paragraphs 2364 through 2375 of the First Amended Complaint purports to recite a portion of Section 361.344(a) of the Texas Solid Waste Disposal Act ("TSWDA"), TEX. HEALTH & SAFETY CODE § 361.344. This statutory section speaks for itself and, therefore, Professional Air Systems, Inc. neither admits nor denies the contents of this Paragraph. To the extent an answer is required, Professional Air Systems, Inc. denies liability to Plaintiff under this statutory section of the TSWDA.

## IX.

## COUNT V – BREACH OF CONTRACT

22. For its answer to Paragraph 2376 of the First Amended Complaint, Professional Air Systems, Inc. re-alleges and incorporates by reference its answers to Paragraphs 1-2375.

23. Professional Air Systems, Inc. denies that it was a party to the Participation Agreement as referenced in Paragraphs 2376 through 2381 and therefore, Professional Air Systems, Inc. denies the allegations in Paragraphs 2376 through 2381 with respect to Professional Air Systems, Inc.

## X.
## PROFESSIONAL AIR SYSTEMS, INC.'S AFFIRMATIVE DEFENSES

Without waiving any of the foregoing, and in the alternative, Professional Air Systems, Inc. would assert the following affirmative defenses to Plaintiff's claims:

1. Plaintiff fails to allege facts sufficient to establish that the named Plaintiff, "USOR Site PRP Group" is a "person" as that term is defined in CERCLA, 42 U.S.C. § 9601(21) or Section 361.003(23) of the TSWDA, TEX. HEALTH & SAFETY CODE § 361.003(23). Therefore, the named Plaintiff lacks standing to bring and cannot state the claims it purports to assert under CERCLA in Counts I, II and III of the First Amended Complaint and the TWSDA in County IV of the First Amended Complaint.

2. Counts I, II, III and IV of the First Amended Complaint each fails to allege facts sufficient to state a claim against Professional Air Systems, Inc. upon which relief can be granted, and fails to meet the pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and pursuant to Federal Rule of Civil Procedure 12(b)(6) all four counts should be dismissed with prejudice as a matter of law.

3. Plaintiff fails to allege that Professional Air Systems, Inc. had the requisite intent to dispose of hazardous substances at the USOR Site, as required by *Burlington Northern and Santa Fe Ry. Co., et al. v. United States, et al.*, 556 U.S. 599 (2009). Therefore, Plaintiff has failed to state a claim for "arranger" liability under CERCLA in Counts I, II and III of the Complaint.

4. Although Professional Air Systems, Inc. denies that it is liable in any respect for the alleged releases or threatened releases alleged in Plaintiff's First Amended Complaint, or for

6

the costs and expenses allegedly incurred to respond to those purported releases, to the extent Professional Air Systems, Inc. is ultimately found to be liable, it is entitled to an offset and credit against any such liability for the equitable share of liability of any other person who would be liable under CERCLA or TWSDA or any other cause of action asserted by Plaintiff.

5. To the extent that any co-defendants settle with Plaintiff, Professional Air Systems pleads for settlement credits and offsets and an apportionment of liability as provided under Texas Civil Practices & Remedies Code Chapter 33.

6. Professional Air Systems, Inc. would show that it never owned, operated, or exercised any control or right of control over the USOR Site or its operations.

7. Professional Air Systems, Inc. would show that it is not a generator, arranger, or producer of waste products.

8. Professional Air Systems, Inc. would show that Plaintiff has failed to mitigate its damages.

9. Professional Air Systems, Inc. would show that it had no contractual relationship with any party responsible for disposing of waste or waste products at the pollution site.

10. Professional Air Systems, Inc. would show that Plaintiff has failed to perform all necessary conditions precedent before filing its First Amended Complaint in this matter.

11. Professional Air Systems, Inc. would show that to the extent Plaintiff suffered any damages, such damages (assuming they actually exist) were caused by the acts of independent third parties over whom Professional Air Systems, Inc. exercised no control or right of control.

12. Professional Air Systems, Inc. would further show that Plaintiff's alleged damages, if any, were the result of intervening or superseding causes.

13. Professional Air Systems, Inc. specifically denies that it is liable in any way to Plaintiff for any of the damages that have been alleged in Plaintiff's First Amended Complaint.

14. Professional Air Systems, Inc. reserves its right to assert additional affirmative defenses in the event further discovery or further proceedings indicate that such defenses would be appropriate in this case.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **PROFESSIONAL AIR SYSTEMS, INC.**, respectfully prays that the Court enter an order denying all relief requested by Plaintiff, USOR Site PRP Group in its First Amended Complaint, that the Court dismiss Plaintiff's claims against Professional Air Systems, Inc. with prejudice to re-filing, that the Court award Professional Air Systems, Inc. its reasonable costs of suit, and that the Court grant Professional Air Systems, Inc. such other and further relief, both general and special, at law or in equity, to which Professional Air Systems, Inc. may show itself to be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

By: /s/*Gary L. Pate*
    Gary L. Pate
    Federal I.D. 29713
    State Bar No.: 24029763

808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)
pate@mdjwlaw.com
ATTORNEY-IN-CHARGE FOR
DEFENDANTPROFESSIONAL
AIR SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was served upon all known counsel of record on the 17th day of November, 2015, via the Notice of Electronic Filing Service in accordance with the Federal Rules of Civil Procedure.

/s/ Gary L. Pate
Gary L. Pate