IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **USOR SITE PRP GROUP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14-cv-02441** |
| | § | |
| | § | |
| **REM RESEARCH GROUP, INC.,  et al** | § | |
| **Defendants.** | § | |

**DEFENDANT REM RESEARCH GROUP, INC.'S ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant REM Research Group, Inc. ("REM") files this Answer to claims of Plaintiff USOR Site PRP Group ("USOR") as set forth in its First Amended Complaint.  Unless expressly admitted, each and every allegation of the Complaint, including any characterizations or allegations contained or implied in any headings or non-numbered paragraphs, are denied.

## STATEMENT OF THE CASE

1.      Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case" section, contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent such a response is required, REM admits that Paragraphs 1-3 summarize the claims asserted in Plaintiff's First Amended Complaint by the members of the USOR Site PRP Group, but denies that the members of the USOR Site PRP Group are entitled to the relief requested.  REM denies that the U.S. Oil Recovery Superfund Site includes "any area where hazardous substances that migrated from the U.S. Oil Recovery Site have come to be located."

## JURISDICTION AND VENUE

2.      REM admits the "Jurisdiction and Venue" allegations in Paragraphs 4-5.

## ALLEGATIONS COMMON TO ALL CLAIMS

3.      REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations in Paragraph 6 and Paragraph 7 and, therefore, denies the allegations.   In response to the allegations in Paragraph 8, REM denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery Site ("USOR Site") through hazardous waste manifests and invoices, and denies that such records were complete or accurate.   In response to Paragraphs 9 through 19, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.   In response to Paragraphs 20 through 21, REM admits the existence of the Removal Action AOC, but lacks sufficient knowledge or information to formulate a belief as to the truth of the remainder of the allegations and, therefore, denies the allegations.  In response to Paragraphs 22 through 28, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.   In response to Paragraph 29, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, except that REM denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29.

## THE PARTIES

4.      In response to Paragraph 30, REM lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies the allegations.

5.     Paragraphs 31 through 1643 are allegations against defendants other than REM.  REM lacks sufficient knowledge or information to formulate a belief as to the truth of any allegations in Paragraphs 31 through 1643 and, therefore, denies the allegations.

6.     In response to Paragraph 1644, REM admits non-hazardous waste was sent to USOR via its broker firm, US Waste Industries, for waste disposal.  REM otherwise denies the allegations in Paragraph 1644.

7.     In response to Paragraph 1645, REM admits non-hazardous waste was sent to USOR via its broker firm, US Waste Industries, for waste disposal.  REM otherwise denies the allegations in Paragraph 1645.

8.     In response to Paragraph 1646, REM denies the allegations.

9.     Paragraph 1647 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent an admission or denial is required, REM denies the allegations.

10.     In response to Paragraph 1648, REM denies the allegations as stated, but admits that the USOR Site PRP Group made a take-it-or-leave-it, non-negotiable settlement demand to REM on or about December 2013.

11.     In response to Paragraph 1649, REM admits that REM has not paid any costs, incurred in response, by the USOR PRP Group at the USOR site.

12.     Paragraphs 1650-2334 are allegations against defendants other than REM.  REM lacks sufficient knowledge or information to formulate a belief as to the truth of the any of the allegations in Paragraphs 1650 through 2334 and, therefore, denies the allegations.

## COUNT I – COST RECOVERY UNDER CERCLA

13.     In response to Paragraph 2335, REM incorporates by reference all of its responses to Paragraphs 1 through 2334 as if fully restated herein.

14.     Paragraphs 2336 through 2343 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, REM denies the allegations.

15.     In response to Paragraphs 2344 through 2345, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

16.     In response to Paragraph 2346, REM admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each of the defendants and, therefore, denies the allegations.

17.     In response to Paragraph 2347, REM denies the allegation.

18.     In response to Paragraph 2348, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances.

19.     In response to Paragraph 2348, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

20.     In response to Paragraph 2349, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

21.     In response to Paragraph 2350, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

22.     In response to Paragraph 2351, REM denies the allegations.

23.     In response to Paragraph 2352, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that REM is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site.  REM denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT  II – CONTRIBUTION UNDER CERCLA

24.     REM denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2352.

25.     In response to Paragraph 2353, REM incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

26.     Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent specific admission or denial is required in response to Paragraph 2395, REM denies the allegations.

27.     In response to Paragraph 2355, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

28.     In response to Paragraph 2356, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that REM is a liable party under CERCLA.  REM admits that it has not entered into any agreement resolving any liability regarding the U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

29.     In response to Paragraph 2357, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

30.     In response to Paragraph 2358, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that REM is a liable for an equitable share in contribution.  REM denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

31.     REM denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2358.

## COUNT III – DECLARATORY RELIEF UNDER CERCLA

32.     In response to Paragraph 2359, REM incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

33.     In response to Paragraph 2360, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case and, therefore, denies the allegations.   REM denies that the members of the USOR Site PRP Group are entitled to declaratory relief.

34.     Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent it does, REM denies the allegations.

35.     In response to Paragraphs 2362 through 2363, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that REM is liable.  REM denies all other allegations

in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

36.     REM denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2363.

## COUNT IV – COST RECOVERY UNDER TSWDA

37.     In response to Paragraph 2364, REM incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

38.     Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent specific admission or denial is required, REM denies the allegations.

39.     In response to Paragraph 2366, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

40.     Paragraphs 2367 through 2371 are comprised of quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent specific admission or denial is required, REM denies the allegations.

41.     In response to Paragraph 2372, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

42.     In response to Paragraph 2373, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with REM is "solid waste" under the TSWDA.

43.     In response to Paragraph 2374, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

44.     In response to Paragraph 2375, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from REM.  REM denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

45.     REM denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2375.

## COUNT V – BREACH OF CONTRACT

46.     In response to Paragraph 2376, REM incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

47.     In response to Paragraph 2377 through 2381, REM lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

48.     REM denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2381.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

49.     Without waiving any of the foregoing, and in the alternative, REM would assert the following affirmative defenses to Plaintiff's claims.

50.     Plaintiff fails to allege facts sufficient to establish that the named Plaintiff, "USOR Site PRP Group" is a "person" as that term is defined in CERCLA, 42 U.S.C. § 9601(21) or Section 361.003(23) of the TSWDA, TEX. HEALTH & SAFETY CODE § 361.003(23).

Therefore, the named Plaintiff lacks standing to bring and cannot state the claims it purports to assert under CERCLA in Counts I, II and III of the Complaint and the TWSDA in Count IV of the Complaint.

51.     Plaintiff fails to allege that REM had the requisite intent to dispose of hazardous substances at the USOR Site, as required by *Burlington Northern and Santa Fe Ry. Co., et al. v. United States, et al*, 556 U.S. 599 (2009).  Therefore, Plaintiff has failed to state a claim for "arranger" liability under CERCLA in Counts I, II and III of the Complaint.

52.     Named Plaintiff "USOR Site PRP Group" is not a signatory to the "Administrative Settlement Agreement and Order on Consent for Removal Action," CERCLA Docket No. 06-10-11 ("Removal Action AOC"), referenced in Paragraphs 20-30 of the Complaint, and named Plaintiff "USOR Site PRP Group" has itself not incurred any response costs in connection with the USOR Site.  Therefore, named Plaintiff "USOR Site PRP Group" fails to satisfy the statutory prerequisites necessary to bring a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607, a contribution action under Section 113 of CERCLA, 42 U.S.C. § 9613, or an action to recover the cost of response actions at the USOR Site under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE § 361.344.

53.     If the Court finds that named Plaintiff "USOR Site PRP Group" has standing to bring a claim under CERCLA, and to the extent this claim is alleged to arise in whole or in part from response actions undertaken or response costs incurred pursuant to the Removal Action AOC, named Plaintiff is limited to pursue a claim for contribution against REM under Section 113 of CERCLA, 42 U.S.C. § 9613(f), and, as a matter of law, named Plaintiff cannot pursue a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607.  *See, e.g.,*

*Exxon Mobil Corporation v. United States*, No. H-10-2386; H-11-1814, 2015 U.S. Dist. LEXIS 72593, at *62-66 (S.D. Tex. June 4, 2015).

54.     Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against REM pursuant to CERCLA.

55.     Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against REM pursuant to the TSWDA.

56.     Plaintiff's allegations against REM are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by REM, or any alleged predecessor of REM, caused any member of the USOR Site PRP Group to incur costs of response recoverable pursuant to CERCLA

57.     Plaintiff's allegations against REM are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which REM, or any alleged predecessor of REM, released any substance into the environment in violation of the TSWDA.

58.     At all times pertinent to Plaintiff's First Amended Complaint, REM, or any alleged predecessor of REM, acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

59.     Any release for which Plaintiff alleges that REM, or any alleged predecessor of REM, is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

60.     To the extent that named Plaintiff "USOR Site PRP Group" has or will incur response costs, not inconsistent with the National Contingency Plan, relating to conditions

caused in whole or in part by the act or omission of a third party, REM has no liability for any response costs under CERCLA or TWSDA.

61.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group resulted from an independent, intervening and/or supervening cause over which neither REM, nor any alleged predecessor of REM, had control, responsibility or liability.

62.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the acts or omissions of a third party or parties with whom REM, or any alleged predecessor of REM, had no contractual relationship or control.

63.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the criminal acts of a third party.

64.     Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused in whole or in part by Acts of God.

65.     Any contribution of REM, if any, to the costs alleged in Plaintiff's First Amended Complaint, is de minimus.

66.     Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs that do not constitute costs of response pursuant to CERCLA or recoverable costs pursuant to the TSWDA, including any amounts paid by the members of the USOR Site PRP Group to their counsel of record.

67.     Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs for actions that exceed applicable regulatory requirements or are otherwise excessive or unnecessary and/or are inconsistent with the National Contingency Plan.

68.     Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, removal, remediation or related activities for which it seeks recovery.

69.     Plaintiff's claims should be barred and/or reduced to the extent any member of the USOR Site PRP Group received or receives grants, funding or forgiveness of indebtedness from any governmental authority, settlement funds or other such payments from any third parties, or to the extent that recovery would be duplicative for any reason and/or would exceed recoverable response costs actually incurred.

70.     Plaintiff's claims pursuant to the TSWDA are barred to the extent such claims are preempted by federal law.

71.     The imposition of joint and several liability is inappropriate under the circumstances and in the context of the claims asserted in Plaintiff's First Amended Complaint because the response costs claimed are divisible and/or otherwise susceptible to equitable apportionment.  REM is entitled to equitable apportionment.

72.     To the extent REM is found liable for any response costs, REM requests that the Court allocate the response costs amount to all responsible parties, as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

73.     Any substances for which REM is allegedly responsible were not hazardous substances, were excluded petroleum products and/or are not otherwise substances within the purview of CERCLA or TSWDA.

74.     Plaintiff's claims are barred by limitations, statutes of repose or the equitable doctrine of laches.

75.     REM did not arrange for the disposal of waste because the materials were commercially valuable substances to be recycled by US Oil.

76.     REM would show that it never owned, operated, or exercised any control or right of control over the USOR Site nor its operations.

77.     REM would show that it has the right to rely upon, and reasonably did rely upon, authorized and licensed transporters, as well as the owners and operators of the USOR Site, to conduct their business carefully, safely and without injury in a manner to prevent any releases or threatened releases from the USOR Site.

78.     Plaintiff lack a sufficient legal basis and is therefore not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

79.     REM reserves the right to raise any affirmative defense pleaded by any of the other defendants.

80.     REM's discovery in this matter is ongoing.  Accordingly, REM reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

## <u>REQUEST  FOR  RELIEF</u>

**WHEREFORE, PREMISES CONSIDERED,** Defendant REM Research Group, Inc. respectfully prays that (a) Plaintiff take nothing by way of Plaintiff's First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause; (b) Plaintiff's claims be dismissed in their entirety with prejudice as to REM; (c) judgment be entered in favor of REM with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: _____ /s/ *Bruce Flowers* _____
        Bruce M. Flowers
        Texas State Bar No. 07175480
        E-Mail: bflowers@krcl.com

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299

**REM RESEARCH GROUP, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel for record this 20th day of November, 2015 via the Court's CM/ECF system.

/s/ *Bruce M. Flowers* _____
Bruce M. Flowers