IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **USOR SITE PRP GROUP,** § | |
| § | |
| **Plaintiff** § | |
| § | Civil Action No. 4:14-CV-2441 |
| vs. § | |
| § | |
| **A&M CONTRACTORS, INC.,** *et al,* § | |
| § | |
| **Defendants.** | |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ALLIANCE PROCESSORS, INC.

Subject to and filed after its Motion for a More Definite Statement Under Rule § 12(e), and Motion to Dismiss Plaintiff's Complaint Under Rule § 12(b)(6) (Doc. #1295) for its Amended Answer to Complaint, Defendant, Alliance Processors, Inc. ("API"), by and through counsel, states as follows:

### AMENDED ANSWER

1. Paragraph 1 states prefatory legal conclusions for which no answer is required and, therefore, API neither admits nor denies this Paragraph. To the extent that any allegations in this Paragraph are deemed to be factual matters, they are denied.

2. Paragraph 2 describes relief requested for which no answer is required, therefore, API neither admits nor denies the relief requested Paragraph 2. API denies that USOR Site PRP Group is entitled to the relief it describes in Paragraph 2. API lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 as pertaining to parties other than API. To the extent that any of the remaining allegations in this Paragraph are deemed to be factual matters, they are denied as relating to API.

3. Paragraph 3 describes relief requested for which no answer is required, therefore API neither admits nor denies Paragraph 3. Further, API lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 as pertaining to parties other than API.

4. Paragraphs 4-5 state legal conclusions for which no answers are required; and, therefore, API neither admits nor denies these Paragraphs.

5. API lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6-7 and denies the allegations.

6. API denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery site through hazardous waste manifests and invoices, and denies that such records were complete or accurate as alleged in Paragraph 8.

7. API lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9-104 and denies the allegations.

8. API denies the allegations contained in Paragraph 105.

9. API denies the allegations contained in Paragraph 106.

10. API denies the allegations contained in Paragraph 107

11. API denies the allegations contained in Paragraph 108.

12. API denies the allegations contained in Paragraph 109

13. API denies the allegation as stated, but admits that the USOR Site PRP Group made a take-it-or-leave-it, non-negotiable settlement demand to API on or about December 2013.

14. In response to Paragraph 111, API admits that it has neither participated in the USOR Site PRP Group nor paid any response costs incurred by the USOR Site PRP Group at the USOR Site. API denies the remaining allegations contained in Paragraph 111.

15. API lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 112-2334 and denies the same.

## COUNT I – COST RECOVER UNDER CERCLA

16. In response to Paragraph 2335, API incorporates by reference all of its responses to Paragraphs 1 through 2334 as if fully restated herein.

17. Paragraphs 2336 through 2346 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, API denies the allegations.

18. In response to Paragraphs 2344 through 2345, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

19. In response to Paragraph 2346, API admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each of the defendants and, therefore, denies the allegations.

20. In response to Paragraph 2347, API denies the allegation.

21. In response to Paragraph 2348, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances.

22. In response to Paragraph 2348, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

23. In response to Paragraph 2349, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

24. In response to Paragraph 2350, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

25. In response to Paragraph 2351, API denies the allegations.

26. In response to Paragraph 2352, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that API is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site. API denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT II – CONTRIBUTION UNDER CERCLA

27. In response to Paragraph 2353, API incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

28. Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraph 2395, API denies the allegations.

29. In response to Paragraph 2355, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations.

30. In response to Paragraph 2356, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that API is a liable party under CERCLA. API admits that it has not entered into any agreement resolving any liability regarding the U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

31. In response to Paragraph 2357, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

32. In response to Paragraph 2358, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that API is a liable for an equitable share in contribution. API denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

### COUNT III – DECLARATORY RELIEF UNDER CERCLA

33. In response to Paragraph 2359, API incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

34. In response to Paragraph 2360, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case and, therefore, denies the allegations. API denies that the members of the USOR Site PRP Group are entitled to declaratory relief against API.

35. Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent it does, API denies the allegations.

36. In response to Paragraphs 2362 through 2363, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that API is liable.  API denies all  other allegations in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT IV – COST RECOVERY UNDER TSWDA

37. In response to Paragraph 2364, API incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

38. Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, API denies the allegations.

39. In response to Paragraph 2366, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

40. Paragraphs 2367 through 2371 are comprised of quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, API denies the allegations.

41. In response to Paragraph 2372, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

42. In response to Paragraph 2373, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with API is "solid waste" under the TSWDA.

43. In response to Paragraph 2374, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

44. In response to Paragraph 2375, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from API. API

denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT V – BREACH OF CONTRACT

45. In response to Paragraph 2376, API incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

46. In response to Paragraph 2377 through 2381, API lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

47. Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against API pursuant to CERCLA.

48. Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against API pursuant to the TSWDA.

49. Plaintiff's allegations against API are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by API caused any member of the USOR Site PRP Group to incur costs of response recoverable pursuant to CERCLA.

50. Plaintiff's allegations against API are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which API released any substance into the environment in violation of the TSWDA.

51. At all times pertinent to Plaintiff's First Amended Complaint, API acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

52. Any release for which Plaintiff alleges that API is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

53. Any harm alleged or costs incurred by any member of the USOR Site PRP Group resulted from an independent, intervening and/or supervening cause over which API had control, responsibility or liability.

54. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the acts or omissions of a third party or parties with whom API had no contractual relationship or control.

55. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the criminal acts of a third party.

56. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused in whole or in part by Acts of God.

57. Any contribution of API, if any, to the costs alleged in Plaintiff's First Amended Complaint, is *de minimus*.

58. Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs that do not constitute costs of response pursuant to CERCLA or recoverable costs pursuant to the TSWDA, including any amounts paid by the members of the USOR Site PRP Group to their counsel of record.

59. Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs for actions that exceed applicable regulatory requirements or are otherwise excessive or unnecessary and/or are inconsistent with the National Contingency Plan.

60. Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, remediation or related activities for which it seeks recovery.

61. Plaintiff's claims should be barred and/or reduced to the extent any member of the USOR Site PRP Group received or receives grants, funding or forgiveness of indebtedness from any governmental authority, settlement funds or other such payments from any third parties, or to the extent that recovery would be duplicative for any reason and/or would exceed recoverable response costs actually incurred.

62. Plaintiff's claims pursuant to the TSWDA are barred to the extent such claims are preempted by federal law.

63. The imposition of joint and several liability is inappropriate under the circumstances and in the context of the claims asserted in Plaintiff's First Amended Complaint because the response costs claimed are divisible and/or otherwise susceptible to equitable apportionment.  API is entitled to equitable apportionment.

64. To the extent API is found liable for any response costs, API requests that the Court allocate the response costs amount to all responsible parties, as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

65. Any substances for which API is allegedly responsible were not hazardous substances, were excluded petroleum products and/or are not otherwise substances within the purview of CERCLA or TSWDA.

66. Plaintiff's claims are barred by limitations, statutes of repose or the equitable doctrine of laches.

67. API did not arrange for the disposal of waste because the materials were commercially valuable substances to be recycled by US Oil.

68. Plaintiff is not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

69. API reserves the right to raise any affirmative defense pleaded by any of the other defendants.

70. API's discovery in this matter is ongoing. Accordingly, API reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

**AFFIRMATIVE DEFENSES**

71. Plaintiff fails to allege facts sufficient to establish that the named Plaintiff, "USOR Site PRP Group," is a 'person' as that term is defined in CERCLA § 101(21), 42 U.S.C. § 9601(21) or Section 361.003(23) of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(23); and therefore, named Plaintiff lacks standing to bring and cannot state the claims it purports to assert under CERCLA in Counts I, II, and III and TWSDA in Count IV of the Complaint.

72. Plaintiff fails to allege that API had the requisite intent to dispose of hazardous substances at the USOR site as required by *Burlington Northern and Santa Fe Ry. Co., et al. v. United States, et al.*, 556 U.S. 599 (2009); and therefore Plaintiff has failed to state a claim for "arranger" liability under CERCLA in Counts I, II and III of the Complaint.

73. Named Plaintiff "USOR Site PRP Group" is not a signatory to the "Administrative Settlement Agreement and Order on Consent for Removal Action," CERCLA Docket No. 06-10-11 ("Removal Action AOC"), referenced in paragraphs 20-30 of the Complaint, and named Plaintiff "USOR Site PRP Group" has itself not incurred any response costs in connection with the USOR Site; and, therefore, named Plaintiff "USOR Site PRP Group" fails to satisfy the statutory prerequisites to bring a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607, or a contribution action under Section 113 of CERCLA, 42 U.S.C. § 9613, or an action to recover the cost of response actions at the USOR Site under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.344.

74. If the Court finds that named Plaintiff has standing to bring a claim under CERCLA, to the extent such claim is alleged to arise in whole or in part from response actions undertaken or response costs incurred pursuant to the Removal Action AOC, named Plaintiff is limited to pursuing a claim for contribution against API under Section 113 of CERCLA, 42 U.S.C. § 9613(f) and, as a matter of law, named Plaintiff is precluded from pursuing a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607. *See e.g., Exxon Mobil Corporation v United States,* No. H-10-2386 & No. H-ll-1814, 2015 WL 3513949, at *16-19 (S. D. Tex., June 4, 2015).

75. No hazardous substances for which API was responsible were disposed of at the USOR Site.

76. The costs which Plaintiff seeks to recover are not costs of removal or remedial action response costs as that term is defined in CERCLA.

77. Some or all of the costs were unreasonable in amount, were duplicative, not cost effective, or were not incurred in accordance with applicable law.

78. Some or all of the costs represent Plaintiff's indirect costs, which are not recoverable under CERCLA.

79. The response costs allegedly expended by Plaintiff were part of ordinary landfill closure costs.

80. API never owned, operated or had any control over the USOR Site or its operations.

81. The USOR Site could have been operated in a safe and lawful manner by others, and would have been operated in a safe and lawful manner by others had Plaintiff and other regulatory agencies exercised their supervisory authorities in a proper and effective manner, so as to prevent any release or threatened release of hazardous substances from the USOR Site.

82.     API had a right to rely upon and reasonably did rely upon authorized and licensed transporters of hazardous substances, as well as the owners and operators of the USOR Site, to conduct their business carefully, safely, and without injury in a manner to prevent the disposal or threatened disposal of hazardous substances from the USOR Site.

83.     API reasonably relied upon, and had a right to rely upon Plaintiff and other regulatory authorities, to select only properly qualified transporters and owners and operators to treat or dispose of hazardous substances at the USOR Site, and to supervise the operation and closure of the USOR Site so that those activities would be conducted carefully, safely, and without injury, in accordance with the requirements of applicable law, so as to prevent the release or threatened release of hazardous substances from the USOR Site.

84.     API asserts that it has been more than three (3) years after the completion of the removal of action between the Plaintiff and the EPA. API contends that no further removal action was required by August 25, 2011, and Plaintiff entered into a remedial action instead, which has a limitations period of six (6) years.

85.     In the alternative, if the Plaintiff did meet the statute of limitations period by one day, service was perfected only after the limitations period has expired. The Plaintiff failed to bring the suit within the limitations period because the Plaintiff did not use due diligence to effect service. Mere knowledge of a lawsuit is not enough and the burden now shifts to the Plaintiff to prove due diligence.

### REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant API respectfully requests that (a) Plaintiff take nothing by way of Plaintiff's First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause; (b) Plaintiff's claims be dismissed in their entirety with prejudice as to API; (c) judgment be entered in favor

of API with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper.

        Respectfully submitted,

        */s/Joe D. Tolbert*
        Joe D. Tolbert
        State Bar No. 20105502
        **HARRIS, FINLEY & BOGLE, P.C.**
        777 Main Street, Suite 1800
        Fort Worth, Texas  76102
        Telephone No:  (817) 870-8700
        Telecopy No.:  (817) 333-6121
        E-mail:  jtolbert@hfblaw.com
        **ATTORNEYS FOR DEFENDANT, ALLIANCE PROCESSORS, INC.**

## CERTIFICATE OF SERVICE

        I hereby certify that service of the foregoing was on this date automatically accomplished on all known filing users through the Notice of Electronic Filing Service and/or in accordance with the Federal Rules of Civil Procedure on this 30th day of November, 2015.

        */s/Joe D. Tolbert*
        Joe D. Tolbert

424347.2