IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-02441 |
| A&M CONTRACTORS, INC., et al., | § § | |
| Defendants. | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT EVERGREEN ENVIRONMENTAL SERVICES, LLC**

Defendant Evergreen Environmental Services, LLC d/b/a Evergreen Industrial Services ("Evergreen Environmental" or "Defendant") respectfully files this, its Answer and Affirmative Defenses in response to the First Amended Complaint (the "Amended Complaint") filed herein by Plaintiff, and would show unto the Court as follows:

## I.  ANSWER

1. Paragraph 1 of the Amended Complaint sets forth certain introductory legal conclusions for which no answer is required.  Defendant therefore neither admits nor denies Paragraph 1.

2. Paragraphs 2 and 3 of the Amended Complaint set forth a summary of the relief requested by the Plaintiff for which no answer is required, and Defendant therefore neither admits nor denies Paragraphs 2 and 3.  Defendant denies that Plaintiff is entitled to any relief as against Evergreen Environmental only, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding parties other than Evergreen Environmental.

3. Paragraphs 4 and 5 of the Amended Complaint set forth jurisdictional conclusions to which no answer is required, and Defendant therefore neither admits nor denies Paragraphs 4 and 5.

4.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6 through 779 of the Amended Complaint, and therefore neither admits nor denies such allegations, except that Defendant admits that it acted from time to time pursuant to specific contractual agreements as a transporter of waste material to the USOR Site on behalf of other parties who may or may not be defendants in this action, including, without limitation, Bico Drilling, Control Solutions, Curran, Kelly-Springfield and Texas A&M.  Evergreen Environmental denies that it was an arranger of such disposal, that it owned the subject waste material, that it selected the disposal site, that it had any contractual ability to direct the waste material to any location, or that it paid the disposal fees for such material.

5.       The allegations set forth in Paragraph 780 of the Amended Complaint are denied by Defendant, except that Defendant admits that, at various dates during 2006, Evergreen Environmental was contracted by Valero to transport certain material to the USOR Site from Valero's Houston refinery.  Defendant specifically denies that it generated such waste, denies that it selected the USOR Site as the disposal location, denies that it owned the material generated by Valero, denies that Defendant arranged for the disposal of such material, and denies that the volume of such material was "at least 464,904 gallons of waste…"  Defendant lacks knowledge or information sufficient to form a belief in the allegation that such waste material contained hazardous substances, and so neither admits nor denies such allegation.

6.       Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Section 781 of the Amended Complaint, and so neither admits nor denies such allegations.  Defendant specifically denies that Defendant arranged for the disposal of any waste at the USOR Site.

2

7. Defendant admits the allegation in Paragraph 782 of the Amended Complaint that Defendant transported material generated by Valero for disposal at the USOR Site. Defendant specifically denies that Defendant generated any waste disposed of at the USOR Site, and the allegation that Defendant arranged for the disposal of any waste material at the USOR Site.

8. Paragraph 783 of the Amended Complaint contains an allegation regarding a legal matter, and so requires no answer by Defendant. Defendant specifically denies that Defendant generated any waste disposed of at the USOR Site, and the allegation that Defendant arranged for the disposal of any waste material at the USOR Site.

9. Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraph 784 of the Amended Complaint, and so Defendant neither admits nor denies such allegations.

10. Defendant admits the allegation set forth in Paragraph 785 of the Amended Complaint that it has not paid any response costs at the USOR Site. Defendant denies that it is legally liable to pay any such response costs. Defendant further denies that it has failed to cooperate with the USOR Site PRP Group.

11. Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraph 786 of the Amended Complaint, and so Defendant neither admits nor denies such allegations, except that Defendant specifically denies that it has any affiliation, relationship, common ownership, common assets or any contractual relationship with the companies defined in Paragraph 786 as "Environmental Disposal," Evergreen Disposal," "Evergreen Industrial" or "Evergreen Vacuum." Defendant denies that any "waste streams" disposed of at the USOR Site are in any way "attributable" to Defendant except in the sense that

Defendant transported certain material to the USOR Site at the specific behest and instruction of Valero.

12.     Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Section 787 of the Amended Complaint, and so neither admits nor denies such allegations.

13.      Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraph 788 of the Amended Complaint, and so Defendant neither admits nor denies such allegations, except that Defendant specifically denies that it has any affiliation, relationship, common ownership, common assets or any contractual relationship with the company defined in Paragraph 788 as "Evergreen Vacuum."  Defendant denies that any "waste streams" disposed of at the USOR Site are in any way "attributable" to Defendant except in the sense that Defendant transported certain material to the USOR Site at the specific behest and instruction of Valero.

14.     Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraphs 789 through 2335 of the Amended Complaint, and so Defendant neither admits nor denies such allegations.

15.     Paragraphs 2336 through 2346 of the Amended Complaint contain conclusory statements of law and require no answer.

16.     Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraphs 2347 of the Amended Complaint and so Defendant neither admits nor denies such allegations, except Defendant denies that it is liable to Plaintiff or any other party as an arranger or generator of materials disposed of at the USOR Site, and denies that it selected the USOR Site for the disposal of material generated by Valero.

17. Paragraphs 2348 through 2354 of the Amended Complaint contain conclusory statements of law and require no answer.

18. Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraph 2355 of the Amended Complaint, and Defendant therefore neither admits nor denies such allegations.

19. Defendant denies the allegation in Paragraph 2356 of the Amended Complaint that it is a liable party under CERCLA and denies that it is liable in any way to Plaintiff or the EPA.

20. Defendant lacks knowledge or information sufficient to form a belief in the allegations set forth in Paragraph 2357 of the Amended Complaint, and Defendant therefore neither admits nor denies such allegations.

21. Defendant denies the allegation in Paragraph 2358 of the Amended Complaint that Defendant owes Plaintiff any form of contribution or damages.

22. Paragraphs 2359 through 2362 of the Amended Complaint contain only conclusory statements of law and require no answer.

23. Defendant denies the allegation in Paragraph 2363 of the Amended Complaint that Plaintiff is entitled to a judgment against Defendant declaring Defendant to be responsible for any response costs at the USOR Site.

24. Paragraphs 2364 through 2374 of the Amended Complaint contain conclusory statements of law and require no answer.

25. Defendant denies the allegation in Paragraph 2375 of the Amended Complaint that Plaintiff is entitled to recover any response costs or other costs or expenses from Defendant.

## II.     AFFIRMATIVE DEFENSES

1.     Evergreen Disposal Solutions is not and never has been affiliated with or controlled by Evergreen Environmental.  Evergreen Environmental had no knowledge of, control over or financial participation in the business operations of Evergreen Disposal Solutions.  Evergreen Environmental has no equity ownership interest in or other relationship with Evergreen Disposal Solutions.

2.     Evergreen Vacuum is not and never has been affiliated with or controlled by Evergreen Environmental.  Evergreen Environmental had no knowledge of, control over or financial participation in the business operations of Evergreen Vacuum.  Evergreen Environmental has no equity ownership interest in or other relationship with Evergreen Vacuum.

3.     Evergreen Environmental is not the generator of any waste disposed of at the USOR Site. Valero arranged the transportation, arranged the disposal, dictated the disposal site and paid the disposal fees for all material transported to the USOR Site by Evergreen Environmental. Evergreen Environmental is not a party responsible for the response and remediation costs associated with those wastes pursuant to 42 USCA §9607(a).

4.     Plaintiff's Amended Complaint fails to allege facts sufficient to state a claim against Evergreen Environmental upon which relief may be granted, and fails to meet the pleading requirements announced by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  All counts, claims and causes of action asserted in the Amended Complaint against Evergreen Environmental are due to be dismissed with prejudice as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

5. Plaintiff fails to allege that Evergreen Environmental had the requisite intent to dispose of hazardous substances at the USOR Site, and therefore has failed to state a claim against Evergreen Environmental for arranger liability under CERCLA or TWSDA.

6. The named Plaintiff, "USOR Site PRP Group," is not a "Person" as defined in CERCLA and has no standing to assert the claims and causes of action set forth in the Amended Complaint.

7. To the extent that Evergreen Environmental may be found liable for any damages or costs claimed by Plaintiff in the Amended Complaint, which is at all times denied, Defendant is entitled to an offset against any such liability for the equitable share of liability of any other person who would be liable for such damages or costs under CERCLA or TWSDA.

Respectfully Submitted,

**GRUENERT LAW GROUP**

BY: */s/ Thomas G. Gruenert*
**THOMAS G. GRUENERT**
Texas Bar No. 08555460
tgruenert@GruenertLawGroup.com
FRANCINE A. ELLIOT
Texas Bar No. 24084700
felliot@GruenertLawGroup.com
11200 Broadway Street, Suite 2344
Pearland, Texas  77584
Telephone: (281) 997-2740
Facsimile:  (281) 997-2741

**ATTORNEYS FOR DEFENDANT, EVERGREEN ENVIRONMENTAL SERVICES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Answer and Affirmative Defenses** has been served and forwarded to all counsel of record via CM/ECF.

SIGNED this 3rd day of December, 2015.

>　　　　　　　　　　　　　　*/s/ Thomas G. Gruenert*
>　　　　　　　　　　　　　　THOMAS G. GRUENERT