IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR PRP GROUP, | § § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:14-CV-02441 |
| | § § | |
| . . . | § | |
| LION INDUSTRIAL RESOURCES, INC. et al | § § | |
| Defendants, | § | |

**DEFENDANT LION INDUSTRIAL RESOURCES, INC'S ORIGINAL ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Lion Industrial Resources, Inc. ("LIR") files this Answer to claims of Plaintiff USOR Site PRP Group ("USOR") as set forth in its First Amended Complaint. Unless expressly admitted, each and every allegation of the Complaint, including any characterizations or allegations contained or implied in any headings or non-numbered paragraphs, are denied.

**STATEMENT OF THE CASE**

1. Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case" section, contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent such a response is required, LIR admits that Paragraphs 1-3 summarized the claims asserted in Plaintiff's First Amended Complaint by the members of the USOR Site PRP Group, but denies that the members of the USOR Site PRP Group are entitled to the relief requested. LIR denies that the U.S. Oil Recovery Superfund Site included "any area where hazardous substance that migrated from the U.S. Oil Recovery Site have come to be located."

## JURISDICTION AND VENUE

2. LIR admits the "Jurisdiction and Venue" allegations in Paragraphs 4-5.

## ALLEGATIONS COMMON TO ALL CLAIMS

3. LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations in Paragraph 6 and Paragraph 7 and, therefore, denies the allegations. In response to the allegations in Paragraph 8, LIR denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery Site ("USOR Site") through hazardous waste manifests and invoices, and denies that such records were complete or accurate. In response to Paragraphs 9 through 27, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraph 29, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, except that LIR denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29.

## THE PARTIES

4. In response to Paragraph 30. LIR lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies the allegations.

5. Paragraphs 31 through 1252 are allegations against defendants other than LIR. LIR lacks sufficient knowledge or information to formulate a belief as to the truth of any allegations in Paragraphs 31 through 1252 and, therefore, denies the allegations.

6. In response to Paragraph 1253, LIR admits non-hazardous waste was sent to USOR for waste disposal. LIR otherwise denies the allegations in Paragraph 1253.

7. In response to Paragraph 1254 admits non-hazardous waste was sent to USOR, US Waste Industries, for waste disposal LIR otherwise denies the allegations in Paragraph 1254.

8. In response to Paragraphs 1255 & 1256, LIR denies the allegations.

9. In response to Paragraph 1257, LIR has insufficient information to admit or deny the allegations.

10. In response to Paragraph 1258, LIR denies the allegations.

11. In response to Paragraph 1259, LIR admits that LIR has not paid any cost, incurred in response, by the USOR PRP Group at the USOR SITE.

12. Paragraphs 1260-2334 are allegations against defendants other than LIR. LIR lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations in Paragraphs 1260 through 2334 and, therefore, denies the allegations.

## COUNT 1 – COST RECOVERY UNDER CERCLA

13. In response to Paragraph 2335, LIR incorporates by reference all of its responses to Paragraph 1 through 2334 as if fully restated herein.

14. Paragraphs 2336 through 2343 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, LIR denies the allegations.

15. In response to Paragraphs 2344 through 2345, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

16. In response to Paragraph 2346, LIR admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or

information to formulate a belief as to the truth of the allegations with respect to each of the defendants and, therefore, denies the allegations.

17. In response to Paragraph 2347, LIR denies the allegation.

18. In response to Paragraph 2348, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances.

19. In response to Paragraph 2348, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegation and, therefore, denies the allegations.

20. In response to Paragraph 2349, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegation and, therefore, denies the allegations.

21. In response to Paragraph 2350, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegation and, therefore, denies the allegations

22. In response to Paragraph 2351, LIR denies the allegations.

23. In response to Paragraph 2352, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that LIR is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site. LIR denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT II – CONTRIBUTION UNDER CERCLA

24. LIR denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2352.

25. In response to Paragraph 2353, LIR incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

26. Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraph 2395, LIR denies the allegations.

27. In response to Paragraph 2355, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

28. In response to Paragraph 2356, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that LIR is a liable party under CERCLA. LIR admits that it has not entered into any agreement resolving any liability regarding the U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

29. In response to Paragraph 2357, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

30. In response to Paragraph 2358, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that LIR is liable for an equitable share in contribution. SWS denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

31. LIR denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2358.

## COUNT III – DECLARATORY RELIEF UNDER CERCLA

32. In response to Paragraph 2359, LIR incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

33. In response to Paragraph 2360, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case and, therefore, denies the allegations. LIR denies that the members of the USOR Site PRP Group are entitled to declaratory relief.

34. Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent it does, LIR denies the allegations.

35. In response to Paragraphs 2362 through 2363, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that LIR is liable. LIR denies all other allegations in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PSP Group are entitled to the relief requested.

36. LIR denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2363.

## COUNT IV – COST RECOVERY UNDER TSWDA

37. In response to Paragraph 2364, LIR incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

38. Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, LIR denies the allegations.

39. In response to Paragraph 2366, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

40. Paragraph 2367 and 2371 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, LIR denies the allegations.

41. In response to Paragraph 2372, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

42. In response to Paragraph 2373, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with LIR is "solid waste" under the TSWDA.

43. In response to Paragraph 2374, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

44. In response to Paragraph 2375, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from LIR. LIR denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

45. LIR denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2375.

## COUNT V – BREACH OF CONTRACT

46. In response to Paragraph 2376, LIR incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

47. In response to Paragraph 2377 through 2381, LIR lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

48. LIR denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2381.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

49. Without waiving any of the foregoing, and in the alternative, LIR would assert the following affirmative defenses to Plaintiff's claims.

50. LIR pleads lack of standing, failure to state a claim for which relief can be granted against LIR.

51. Plaintiff's allegations against LIR are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by LIR caused any member of the USOR Site PRP Group to incur costs or response recoverable pursuant to CERCLA.

52. Plaintiff's allegations against LIR are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which LIR release any substance into the environment in violation of the TSWDA.

53. At all times pertinent to Plaintiff's First Amended Complaint, LIR acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

54. Any release for which Plaintiff alleges that LIR is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

55. Any harm alleged or costs incurred by member of the USOR Site PRP Group were caused by the criminal acts of a third party.

56. Any contribution of LIR, if any, to the costs alleged in Plaintiff's First Amended Complaint, is de minimums.

57. Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, removal, remediation or related activities for which it seeks recovery.

58. Plaintiff's claims are barred by limitations, statutes or repose or the equitable doctrine of laches.

59. Plaintiff lacks a sufficient legal basis and is therefore not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

60. LIR reserves the right to raise any affirmative defense pleaded by any of the other defendants.

61. LIR's discovery in this matter is ongoing. Accordingly, LIR reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

**REQUEST FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Defendant LION INDUSTRIAL RESOURCES, INC. respectfully prays that (a) Plaintiff take nothing by way of

Plaintiff's First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause: (b) Plaintiff's claims be dismissed in their entirety with prejudice as to LIR; (c) judgment be entered in favor of LIR with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper.

Respectfully submitted,

**Wellborne Law Firm**

By: */s/ William H. Wellborne*
William H. Wellborne
SBN 21134200
E-Mail: wellborne@wellbornelawfirm.com

9801 Westheimer, Suite 302
Houston, TX 77042
Telephone (713) 953-9200
Telecopier (713) 953-9220

**LION INDUSTRIAL RESOURCES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record this 8th, day of December, 2015, via the Court's CM/ECF system.

*/s/ William H. Wellborne*
William H. Wellborne