IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR PRP GROUP, | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 4:14-CV-02441 |
| . . . | § § | |
| SPECIALIZED WASTE SYSTEM, INC. et al | § § | |
| Defendants, | § | |

**DEFENDANT SPECIALIZED WASTE SYSTEM, INC'S ORIGINAL ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Specialized Waste System, Inc. ("SWS") files this Answer to claims of Plaintiff USOR Site PRP Group ("USOR") as set forth in its First Amended Complaint. Unless expressly admitted, each and every allegation of the Complaint, including any characterizations or allegations contained or implied in any headings or non-numbered paragraphs, are denied.

### STATEMENT OF THE CASE

1. Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case" section, contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent such a response is required, SWS admits that Paragraphs 1-3 summarized the claims asserted in Plaintiff's First Amended Complaint by the members of the USOR Site PRP Group, but denies that the members of the USOR Site PRP Group are entitled to the relief requested. SWS denies that the U.S. Oil Recovery Superfund Site included "any area where hazardous substance that migrated from the U.S. Oil Recovery Site have come to be located."

## JURISDICTION AND VENUE

2. SWS admits the "Jurisdiction and Venue" allegations in Paragraphs 4-5.

## ALLEGATIONS COMMON TO ALL CLAIMS

3. SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations in Paragraph 6 and Paragraph 7 and, therefore, denies the allegations. In response to the allegations in Paragraph 8, SWS denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery Site ("USOR Site") through hazardous waste manifests and invoices, and denies that such records were complete or accurate. In response to Paragraphs 9 through 27, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraph 29, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, except that SWS denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29.

## THE PARTIES

4. In response to Paragraph 30. SWS lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies the allegations.

5. Paragraphs 31 through 1821 are allegations against defendants other than SWS. SWS lacks sufficient knowledge or information to formulate a belief as to the truth of any allegations in Paragraphs 31 through 1821 and, therefore, denies the allegations.

6. In response to Paragraph 1822, SWS admits non-hazardous waste was sent to USOR via its broker firm. for waste disposal. SWS otherwise denies the allegations in Paragraph 1822.

7. In response to Paragraph 1823, SWS admits non-hazardous waste was sent to USOR via its broker firm, US Waste Industries, for waste disposal SWS otherwise denies the allegations in Paragraph 1823.

8. In response to Paragraphs 1824, SWS denies the allegations.

9. Paragraph 1825 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent an admission or denial is required, SWS denies the allegations.

10. In response to Paragraph 1826, SWS denies the allegations.

11. In response to Paragraph 1827, SWS admits that SWS has not paid any cost, incurred in response, by the USOR PRP Group at the USOR SITE.

12. Paragraphs 1828-2334 are allegations against defendants other than SWS. SWS lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations in Paragraphs 1828 through 2334 and, therefore, denies the allegations.

## COUNT 1 – COST RECOVERY UNDER CERCLA

13. In response to Paragraph 2335, SWS incorporates by reference all of its responses to Paragraph 1 through 2334 as if fully restated herein.

14. Paragraphs 2336 through 2343 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, SWS denies the allegations.

15. In response to Paragraphs 2344 through 2345, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

16. In response to Paragraph 2346, SWS admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each of the defendants and , therefore, denies the allegations.

17. In response to Paragraph 2347, SWS denies the allegation.

18. In response to Paragraph 2348, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances.

19. In response to Paragraph 2348, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegation and, therefore, denies the allegations.

20. In response to Paragraph 2349, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegation and, therefore, denies the allegations.

21. In response to Paragraph 2350, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegation and, therefore, denies the allegations

22. In response to Paragraph 2351, SWS denies the allegations.

23. In response to Paragraph 2352, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that SWS is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site. SWS denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT II – CONTRIBUTION UNDER CERCLA

24. SWS denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2352.

25. In response to Paragraph 2353, SWS incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

26. Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraph 2395, SWS denies the allegations.

27. In response to Paragraph 2355, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

28. In response to Paragraph 2356, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that SWS is a liable party under CERCLA. SWS admits that it has not entered into any agreement resolving any liability regarding eh U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

29. In response to Paragraph 2357, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

30. In response to Paragraph 2358, SWS laces sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that SWS is liable for an equitable share in contribution. SWS denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

31. SWS denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2358.

### COUNT III – DECLARATORY RELIEF UNDER CERCLA

32. In response to Paragraph 2359, SWS incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

33. In response to Paragraph 2360, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case and, therefore, denies the allegations. SWS denies that the members of the USOR Site PRP Group are entitled to declaratory relief.

34. Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent it does, SWS denies the allegations.

35. In response to Paragraphs 2362 through 2363, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that SWS is liable. SWS denies all other allegations in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PSP Group are entitled to the relief requested.

36. SWS denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2363.

### COUNT IV – COST RECOVERY UNDER TSWDA

37. In response to Paragraph 2364, SWS incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

38. Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, SWS denies the allegations.

39. In response to Paragraph 2366, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

40. Paragraph 2367 and 2371 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, SWS denies the allegations.

41. In response to Paragraph 2372, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

42. In response to Paragraph 2373, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with SWS is "solid waste" under the TSWDA.

43. In response to Paragraph 2374, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

44. In response to Paragraph 2375, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from SWS. SWS denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

45. SWS denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2375.

## COUNT V – BREACH OF CONTRACT

46. In response to Paragraph 2376, SWS incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

47. In response to Paragraph 2377 through 2381, SWS lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

48. SWS denies the USOR Site PRP Group is entitled to the relief prayed for in the unnumbered paragraph following Paragraph 2381.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

49. Without waiving any of the foregoing, and in the alternative, SWS would assert the following affirmative defenses to Plaintiff's claims.

50. SWS pleads lack of standing, failure to state a claim for which relief can be granted against SWS.

51. Plaintiff's allegations against SWS are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by SWS caused any member of the USOR Site PRP Group to incur costs or response recoverable pursuant to CERCLA.

52. Plaintiff's allegations against SWS are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which SWS release any substance into the environment in violation of the TSWDA.

53. At all times pertinent to Plaintiff's First Amended Complaint, SWS acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

54. Any release for which Plaintiff alleges that SWS is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

55. Any harm alleged or costs incurred by member of the USOR Site PRP Group were caused by the criminal acts of a third party.

56. Any contribution of SWS, if any, to the costs alleged in Plaintiff's First Amended Complaint, is de minimums.

57. Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, removal, remediation or related activities for which it seeks recovery.

58. Plaintiff's claims are barred by limitations, statutes or repose or the equitable doctrine of laches.

59. Plaintiff lacks a sufficient legal basis and is therefore not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

60. SWS reserves the right to raise any affirmative defense pleaded by any of the other defendants.

61. SWS's discovery in this matter is ongoing. Accordingly, SWS reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

## REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendant SPECIALIZED WASTE SYSTEM, INC. respectfully prays that (a) Plaintiff take nothing by way of Plaintiff's

First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause: (b) Plaintiff's claims be dismissed in their entirety with prejudice as to SWS; (c) judgment be entered in favor of SWS with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper.

Respectfully submitted,

**Wellborne Law Firm**

By: */s/ William H. Wellborne*
William H. Wellborne
SBN 21134200
E-Mail: wellborne@wellbornelawfirm.com

9801 Westheimer, Suite 302
Houston, TX 77042
Telephone (713) 953-9200
Telecopier (713) 953-9220

**SPECIALIZED WASTE SYSTEM, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record this __8th__, day of December, 2015, via the Court's CM/ECF system.

*/s/ William H. Wellborne*
William H. Wellborne

10