IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| USOR SIT PRP GROUP, § | |
| § | C. A. NO. 4:14cv02441 |
| Plaintiff § | |
| § | |
| VS. § | |
| § | |
| A-1 SMITH'S SEPTIC SERVICE, INC., § | |
| ET. AL. § | |
| Defendants § | |

ANSWER OF DEFENDANT HEIDMAR INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGES FOR
THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

COMES NOW Heidmar Inc. named as a defendant and would answer the plaintiff's First Amended Complaint as follows:

1.  Plaintiff's First Amended Complaint fails to state a cause of action as to defendant Heidmar Inc. upon which the relief requested may be granted; therefore, said complaint should be dismissed as to the defendant Heidmar Inc.

2.  In particular plaintiff has based its allegations of liability as to Heidmar Inc. as set out in paragraph 2089 of the Amended Complaint on the incorrect and unfounded assertions that Heidmar Inc. is a successor in interest to Houston Marine Services, Inc. Heidmar Inc. was not and is not a successor in interest to Houston Marine Services, Inc. and thus said First Amended Complaint should be dismissed as to Heidmar Inc. This information was made known to plaintiff's counsel upon service of the First Amended Complaint and yet plaintiff has

not dismissed Heidmar Inc. requiring the filing of this answer and potentially the appropriate motion at the proper time.

3. Heidmar Inc. was never in privity of contract with any of the operators of the site as to which plaintiff asserts its claims and thus cannot be held liable to plaintiff..

**Without waiving the above but rather insisting on dismissal as pleaded, this defendant would further answer the First Amended Complaint as follows:**

4. In answer to paragraphs 1-3 of the First Amended Complaint, this defendant would admit that plaintiff has made such allegations but denies same as to this defendant.

5. In answer to the allegations in paragraphs 4 and 5 of the First Amended Complaint as to jurisdiction and venue, this defendant would, upon information and belief, admit same.

6. This defendant is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 6 through 29 of the First Amended Complaint; therefore , same are denied for lack of information or knowledge.

7. In answer to paragraph 30 of the First Amended Complaint, this defendant would assume the plaintiff would know the identity of the members of the Group as alleged and would admit such paragraph.

8. This defendant would assert that no answer is required of this defendant as to paragraphs 31-2078 of the First Amended Complaint. But if an answer would be required, this defendant is without sufficient information or knowledge to form a belief as to the truth or

accuracy of said paragraphs; therefore, same are denied for such lack of information or knowledge.

    9.    In answer to paragraphs 2079 through 2089 of the First Amended Complaint, this Defendant is without information or knowledge sufficient to form a belief as to the truth or accuracy of same; therefore same are denied.

    10.    The allegations in paragraph 2090 of the First Amended Complaint are denied.

    11.    In answer to paragraph 2091 of the First Amended Complaint, this defendant admits it has made no payments but would deny it is responsible to make any payments as alleged.

    12.    This defendant would assert that no answer is required of this defendant to paragraphs 2092 to 2334 of the First Amended Complaint. But if an answer is required, this defendant is without information or knowledge sufficient to form a belief as to the truth of accuracy of same; therefore, same are denied for lack of information or knowledge.

    13.    In answer to paragraph 2335 of the First Amended Complaint, this defendant asserts and reurges paragraphs 1 through 12 of this Answer.

    14.    In answer to paragraphs 2336 through 2346 of the First Amended Complaint, this defendant admits that the statutes quoted and definitions are, as far as this defendant can tell, correct but it is denied that such paragraphs are applicable to this defendant.

    15.    Paragraph 2347 of the First Amended Complaint is denied.

    16.    In answer to paragraphs 2348 through 2351 of the First Amended Complaint, this defendant is without information or knowledge sufficient to form a belief as to the truth or accuracy of same; therefore, same are denied for lack of information or knowledge.

17.     Paragraph 2352 of the First Amended Complaint is denied.

18.     In answer to paragraph 2353 of the First Amended Complaint, this defendant asserts and reurges paragraphs 1through 17 of this Answer.

19.     In answer to paragraph 2354 of the First Amended Complaint, this defendant admits that the statute quoted, as far as defendant can tell is correct, but it is denied such paragraph is applicable to this defendant.

20.     In answer to paragraph 2355 of the First Amended Complaint, this defendant is without information or knowledge sufficient to form a belief as to the truth or accuracy of same; therefore, same is denied for lack of information of knowledge

21.     Paragraphs 2356 through 2358 of the First Amended Complaint are denied.

22.     In answer to paragraph 2359 of the First Amended Complaint, this defendant asserts and reurges paragraphs 1 through 21 of this Answer.

23.     Paragraph 2360 of the First Amended Complaint is admitted.

24.     In answer to paragraph 2361 of the First Amended Complaint, this defendant admits that the statute quoted as far as defendant can tell is correct, but it is denied such paragraph is applicable to this defendant.

25.     In answer to paragraphs 2362 and 2363 of the First Amended Complaint, this defendant admits plaintiff seeking the relief as set out in such paragraphs but it denied that plaintiff is entitled to such relief as to this defendant.

26.     In answer to paragraph 2364 of the First Amended Complaint, this defendant asserts and reurges paragraphs 1 through 25 of this Answer.

27.     In answer to paragraphs  2365 and 2367 through 2371 of the First Amended

Complaint, this defendant admits that the statutes and definitions quoted as far as defendant can tell are correct, but it is denied such paragraphs are applicable to this defendant.

28. In answer to paragraphs 2366 and 2372-2374 of the First Amended Complaint, this defendant is without information or knowledge sufficient to form a belief as to the truth or accuracy of such allegations; therefore, same are denied for lack of information or knowledge.

29. Paragraph 2375 of the First Amended Complaint is denied

30. In answer to paragraph 2376 of the First Amended Complaint, this defendant asserts and reurges paragraphs 1 through 29 of this Answer.

31. This defendant would assert that no answer is required to paragraphs 2377 through 2381 of the First Amended Complaint. But if an answer is required, this defendant is without information or knowledge sufficient to form a belief as to the truth or accuracy of same; therefore, same are denied for lack of information or knowledge.

32. This defendant asserts any rights it might have to recovery of its legal costs including attorney's fees incurred as a result of having to defend this baseless action against them.

33. This defendant further reserves its rights to amend or supplement this Answer to plead such other and further defenses as may be disclosed as a result of further investigation or the discovery process.

Wherefore, defendant Heidmar Inc. prays that the complaint and causes of action as to them be dismissed or, alternatively judgment be entered in favor of Heidmar Inc. that plaintiff obtain no award or relief against Heidmar Inc. and that this defendant recover its costs, attorney's fees and such other and further relief as just and proper.

        Respectfully submitted,

        /s/ William H. Seele
        WILLIAM H. SEELE
        Admission I.D. No. 3347
        Texas State Bar No. 17979700
        E-mail: wseele@julianandseele.com

OF COUNSEL:        1220 Blalock Road, Suite 160
        Houston, Texas  77055-6473
Julian & Seele, P.C.        Telephone:  713 464 1336
        Telefax   :  713 464 1283

        Attorney-in-Charge for  Defendant
        Heidmar Inc.

## CERTIFICATE OF SERVICE

Service of the foregoing pleading is being made pursuant to the rules related to electronic filing of the Southern District of Texas upon all parties on this the 18th  day of December, 2015. In particular notice will be sent per such rules to plaintiff's counsel who are as  follows:

        Gary D. Justis
        Rachel D. Guthrie
        The Justis Law Firm LLC
        10955 Lowell Avenue, Suite 520
        Overland Park, Kansas 66210-2336

        /s/ William H. Seele
        William H. Seele