IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-2441 |
| A&M CONTRACTORS, INC., et al., | § § § | |
| Defendants. | § | |

**DEFENDANT RESOLVE MARINE GROUP, INC.'S
ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Resolve Marine Group, Inc. ("Resolve Marine") files this original answer to Plaintiff's First Amended Complaint and would show as follows:

**STATEMENT OF THE CASE**

1. Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case" section, contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent such a response is required, Resolve Marine admits that Paragraphs 1-3 summarize the claims asserted in Plaintiff's First Amended Complaint by the members of the USOR Site PRP Group, but denies that the members of the USOR Site PRP Group are entitled to the relief requested. Resolve Marine denies that the U.S. Oil Recovery Superfund Site includes "any area where hazardous substances that migrated from the U.S. Oil Recovery Site have come to be located."

**JURISDICTION AND VENUE**

2. Resolve Marine admits the "Jurisdiction and Venue" allegations in Paragraphs 4-5.

## ALLEGATIONS COMMON TO ALL CLAIMS

3.  Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations in Paragraph 6 and Paragraph 7 and, therefore, denies the allegations.  In response to the allegations in Paragraph 8, Resolve Marine denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery Site ("USOR Site") through hazardous waste manifests and invoices, and denies that such records were complete or accurate.  In response to Paragraphs 9 through 19, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.  In response to Paragraphs 20 through 21, Resolve Marine admits the existence of the Removal Action AOC, but lacks sufficient knowledge or information to formulate a belief as to the truth of the remainder of the allegations and, therefore, denies the allegations.  In response to Paragraphs 22 through 28, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.  In response to Paragraph 29, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, except that Resolve Marine denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29.

## THE PARTIES

4.  In response to Paragraph 30, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies the allegations.

5.  Paragraphs 31 through 801 are allegations against defendants other than Resolve Marine.  Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the

truth of any of the allegations in Paragraphs 31 through 801 and, therefore, denies the allegations.

6. Paragraphs 802 through 807 contain allegations against Resolve Marine.

7. In response to Paragraph 802, Resolve Marine denies arranged for the disposal or treatment of any waste disposed at the USOR Site.

8. In response to Paragraph 803, Resolve Marine denies that it generated any RCRA waste disposed at the USOR Site.

9. In response to Paragraph 804, Resolve Marine denies that it arranged for the transport of waste to the USOR Site.

10. In response to Paragraph 805, Resolve Marine denies the allegations.

11. In response to Paragraph 806, Resolve Marine denies the allegations as stated, but admits that the USOR Site PRP Group made a take-it-or-leave-it, non-negotiable settlement demand to Resolve Marine.

12. In response to Paragraph 807, Resolve Marine admits that it has not paid any money to the members of the USOR Site PRP Group for response costs allegedly incurred but denies the remainder of the allegations in Paragraph 807.

13. Paragraphs 808-1416 are allegations against defendants other than Resolve Marine. Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the any of the allegations in Paragraphs 808 through 1416 and, therefore, denies the allegations.

14. In response to Paragraph 1417, Resolve Marine denies that Midstate transported waste generated by Resolve Marine.

15. Paragraphs 1418-2334 are allegations against defendants other than Resolve Marine. Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the any of the allegations in Paragraphs 1418 through 2334 and, therefore, denies the allegations.

## COUNT I – COST RECOVERY UNDER CERCLA

16. In response to Paragraph 2335, Resolve Marine incorporates by reference all of its responses to Paragraphs 1 through 2334 as if fully restated herein.

17. Paragraphs 2336 through 2346 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, Resolve Marine denies the allegations.

18. In response to Paragraphs 2344 through 2345, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

19. In response to Paragraph 2346, Resolve Marine admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each of the defendants and, therefore, denies the allegations.

20. In response to Paragraph 2347, Resolve Marine denies the allegation.

21. In response to Paragraph 2348, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances to the USOR Site.

22. In response to Paragraph 2348, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

23. In response to Paragraph 2349, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

24. In response to Paragraph 2350, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

25. In response to Paragraph 2351, Resolve Marine denies the allegations.

26. In response to Paragraph 2352, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Resolve Marine is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site. Resolve Marine denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested

## COUNT II – CONTRIBUTION UNDER CERCLA

27. In response to Paragraph 2353, Resolve Marine incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

28. Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of

Civil Procedure.  To the extent specific admission or denial is required in response to Paragraph 2395, Resolve Marine denies the allegations.

29. In response to Paragraph 2355, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations.

30. In response to Paragraph 2356, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Resolve Marine is a liable party under CERCLA.  Resolve Marine admits that it has not entered into any agreement resolving any liability regarding the U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

31. In response to Paragraph 2357, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

32. In response to Paragraph 2358, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Resolve Marine is a liable for an equitable share in contribution.  Resolve Marine denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

### COUNT III – DECLARATORY RELIEF UNDER CERCLA

33. In response to Paragraph 2359, Resolve Marine incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

34. In response to Paragraph 2360, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every

defendant in the case and, therefore, denies the allegations. Resolve Marine denies that the members of the USOR Site PRP Group are entitled to declaratory relief against Resolve Marine.

35. Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent it does, Resolve Marine denies the allegations.

36. In response to Paragraphs 2362 through 2363, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Resolve Marine is liable. Resolve Marine denies all other allegations in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT IV – COST RECOVERY UNDER TSWDA

37. In response to Paragraph 2364, Resolve Marine incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

38. Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, Resolve Marine denies the allegations.

39. In response to Paragraph 2366, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

40. Paragraphs 2367 through 2371 are comprised of quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of

the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, Resolve Marine denies the allegations.

41. In response to Paragraph 2372, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

42. In response to Paragraph 2373, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with Resolve Marine is "solid waste" under the TSWDA.

43. In response to Paragraph 2374, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

44. In response to Paragraph 2375, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from Resolve Marine. Resolve Marine denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT V – BREACH OF CONTRACT

45. In response to Paragraph 2376, Resolve Marine incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

46. In response to Paragraph 2377 through 2381, Resolve Marine lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

47. To the extent Resolve Marine is referenced in any allegations against entities other than Resolve Marine, Resolve Marine denies all such allegations to the extent they are inconsistent with Resolve Marine's admissions and denials asserted in response to causes of action plead against Resolve Marine.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

48. Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against Resolve Marine pursuant to CERCLA.

49. Plaintiff is barred from pursuing relief under section 107 of CERLCA and may only seek relief for contribution under section 113(f).

50. Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against Resolve Marine pursuant to the TSWDA.

51. Plaintiff's allegations against Resolve Marine are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by Resolve Marine, caused any member of the USOR Site PRP Group to incur costs of response recoverable pursuant to CERCLA.

52. Plaintiff's allegations against Resolve Marine are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which Resolve Marine, released any substance into the environment in violation of the TSWDA.

53. At all times pertinent to Plaintiff's First Amended Complaint, Resolve Marine acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

54. Any release for which Plaintiff alleges that Resolve Marine is responsible, was a release authorized by statute, ordinance, regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

55. Any harm alleged or costs incurred by any member of the USOR Site PRP Group resulted from an independent, intervening and/or supervening cause over which Resolve Marine had no control, responsibility or liability.

56. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the acts or omissions of a third party or parties with whom Resolve Marine had no contractual relationship or control.

57. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the criminal acts of a third party.

58. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused in whole or in part by Acts of God.

59. Any contribution of Resolve Marine, if any, to the costs alleged in Plaintiff's First Amended Complaint, is *de minimus* or *de micromis*.

60. Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs that do not constitute costs of response pursuant to CERCLA or recoverable costs pursuant to the TSWDA, including any amounts paid by the members of the USOR Site PRP Group to their attorneys and counsel of record.

61. Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs for actions that exceed applicable regulatory requirements or are otherwise excessive or unnecessary and/or are inconsistent with the National Contingency Plan.

62. Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, remediation or related activities for which it seeks recovery.

63. Plaintiff's claims should be barred and/or reduced to the extent any member of the USOR Site PRP Group received or receives grants, funding or forgiveness of indebtedness from any governmental authority, settlement funds or other such payments from any third parties, or to the extent that recovery would be duplicative for any reason and/or would exceed recoverable response costs actually incurred.

64. Plaintiff's claims pursuant to the TSWDA are barred to the extent such claims are preempted by federal law.

65. The imposition of joint and several liability is inappropriate under the circumstances and in the context of the claims asserted in Plaintiff's First Amended Complaint because the response costs claimed are divisible and/or otherwise susceptible to equitable apportionment. Resolve Marine is entitled to equitable apportionment.

66. To the extent Resolve Marine is found liable for any response costs, Resolve Marine requests that the Court allocate the response costs amount to all responsible parties, as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

67. Any substances for which Resolve Marine is allegedly responsible were not hazardous substances, were excluded petroleum products and/or are not otherwise substances within the purview of CERCLA or TSWDA.

68. Plaintiff's claims are barred by limitations, statutes of repose or the equitable doctrine of laches.

69. Resolve Marine did not arrange for the disposal of waste to the extent the materials were commercially valuable substances to be recycled by US Oil. To the extent

Plaintiffs allege that Resolve Marine is liable as an arranger under CERCLA, Resolve Marine lacks the requisite intent to dispose of hazardous substances at the USOR Site.

70. Resolve Marine asserts that the USOR Site PRP Group is not a "person," as defined under CERCLA or the TSWDA and lacks standing to bring any claims pursuant thereto. Similarly, the USOR Site PRP Group is not a signatory to any applicable AOC and has not incurred any response costs.

71. Plaintiff's claims are barred by limitations, statutes of repose or the equitable doctrine of laches.

72. Plaintiff is not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

73. Resolve Marine reserves the right to raise any affirmative defense pleaded by any of the other defendants.

74. Resolve Marine's discovery in this matter is ongoing. Accordingly, Resolve Marine reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Resolve Marine Group, Inc. respectfully requests that (a) Plaintiff take nothing by way of Plaintiff's First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause; (b) Plaintiff's claims be dismissed in their entirety with prejudice as to Resolve Marine; (c) judgment be entered in favor of Resolve Marine with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper.

Dated: December 21, 2015

Respectfully submitted,

_____
Kenneth O. Corley
Adm. No. 616944
Texas Bar No. 24048405
Jackson Gilmour & Dobbs, P.C.
3900 Essex Lane, Suite 700
Houston, Texas 77027
(713) 355-5006
(713) 355-5001 (Fax)
E-Mail: kcorley@jgdpc.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT RESOLVE MARINE GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing document was automatically accomplished on all known filing users through the Court's CM/ECF system and/or in accordance with the Federal Rules of Civil Procedure on this 21st day of December, 2015.

_____
Kenneth O. Corley