IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-02441 |
| | § | |
| A&M CONTRACTORS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT BREDERO PRICE CO.'S
ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Bredero Price Co. ("Bredero Price") files this original answer to Plaintiff's First Amended Complaint and would show as follows:

**STATEMENT OF THE CASE**

1.     Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case" section, contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent such a response is required, Bredero Price admits that Paragraphs 1-3 summarize the claims asserted in Plaintiff's First Amended Complaint by the members of the USOR Site PRP Group, but denies that the members of the USOR Site PRP Group are entitled to the relief requested. Bredero Price denies that the U.S. Oil Recovery Superfund Site includes "any area where hazardous substances that migrated from the U.S. Oil Recovery Site have come to be located."

**JURISDICTION AND VENUE**

2.     Bredero Price admits the "Jurisdiction and Venue" allegations in Paragraphs 4-5.

## ALLEGATIONS COMMON TO ALL CLAIMS

3. Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations in Paragraph 6 and Paragraph 7 and, therefore, denies the allegations. In response to the allegations in Paragraph 8, Bredero Price denies that U.S. Oil Recovery kept track of materials that were brought to the U.S. Oil Recovery Site ("USOR Site") through hazardous waste manifests and invoices, and denies that such records were complete or accurate. In response to Paragraphs 9 through 19, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraphs 20 through 21, Bredero Price admits the existence of the Removal Action AOC, but lacks sufficient knowledge or information to formulate a belief as to the truth of the remainder of the allegations and, therefore, denies the allegations. In response to Paragraphs 22 through 28, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations. In response to Paragraph 29, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, except that Bredero Price denies that it is liable to any member of the USOR Site PRP Group for the costs and/or recovery alleged in Paragraph 29.

## THE PARTIES

4. In response to Paragraph 30, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of any of the allegations and, therefore, denies the allegations.

5. Paragraphs 31 through 316 are allegations against defendants other than Bredero Price. Bredero Price lacks sufficient knowledge or information to formulate a belief as to the

truth of any of the allegations in Paragraphs 31 through 316 and, therefore, denies the allegations.

6. Paragraphs 317 through 322 contain allegations against Bredero Price.

7. Bredero Price is incorrectly identified as Bradero Price.

8. In response to Paragraph 317, Bredero Price denies the allegation it arranged for the disposal or treatment of any hazardous waste or hazardous substances disposed at the USOR Site.

9. In response to Paragraph 318, Bredero Price denies the allegation it generated any hazardous waste disposed at the USOR Site.

10. In response to Paragraph 319, Bredero Price admits that transporters, including certain transporters identified in Paragraph 319, transported waste to US Oil Recovery from Bredero Price, but denies the remainder of the allegations.

11. In response to Paragraph 320, Bredero Price denies the allegations.

12. In response to Paragraph 321, Bredero Price denies the allegations as stated, but admits that the USOR Site PRP Group made a take-it-or-leave-it, non-negotiable settlement demand to Bredero Price on or about December 2013.

13. In response to Paragraph 322, Bredero Price admits that it has not paid any money to the members of the USOR Site PRP Group for response costs allegedly incurred but denies the remainder of the allegations in Paragraph 322.

14. Paragraphs 323-2334 are allegations against defendants other than Bredero Price. Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the any of the allegations in Paragraphs 323 through 2334 and, therefore, denies the allegations.

## COUNT I – COST RECOVERY UNDER CERCLA

15. In response to Paragraph 2335, Bredero Price incorporates by reference all of its responses to Paragraphs 1 through 2334 as if fully restated herein.

16. Paragraphs 2336 through 2346 are quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraphs 2336 through 2343, Bredero Price denies the allegations.

17. In response to Paragraphs 2344 through 2345, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

18. In response to Paragraph 2346, Bredero Price admits that it is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each of the defendants and, therefore, denies the allegations.

19. In response to Paragraph 2347, Bredero Price denies the allegation.

20. In response to Paragraph 2348, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations, but denies that it is liable as an arranger, generator or transporter of materials containing hazardous substances.

21. In response to Paragraph 2348, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

22. In response to Paragraph 2349, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

23. In response to Paragraph 2350, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

24. In response to Paragraph 2351, Bredero Price denies the allegations.

25. In response to Paragraph 2352, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Bredero Price is strictly, jointly and severally liable for the voluntary past and future response costs incurred, and to be incurred, by members of the USOR Site PRP Group in response to the release or threatened release of hazardous substances at and from the USOR Site. Bredero Price denies all other allegations in Paragraph 2352 and denies that the members of the USOR Site PRP Group are entitled to the relief requested

### COUNT II – CONTRIBUTION UNDER CERCLA

26. In response to Paragraph 2353, Bredero Price incorporates by reference all of its responses to Paragraphs 1 through 2352 as if fully restated herein.

27. Paragraph 2354 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required in response to Paragraph 2395, Bredero Price denies the allegations.

28. In response to Paragraph 2355, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

29. In response to Paragraph 2356, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Bredero Price is a liable party under CERCLA. Bredero Price admits that it has not entered into any agreement resolving any liability regarding the U.S. Oil Recovery Superfund Site with the EPA or any members of the USOR Site PRP Group.

30. In response to Paragraph 2357, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

31. In response to Paragraph 2358, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Bredero Price is a liable for an equitable share in contribution. Bredero Price denies all other allegations in Paragraph 2358 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT III – DECLARATORY RELIEF UNDER CERCLA

32. In response to Paragraph 2359, Bredero Price incorporates by reference all of its responses to Paragraphs 1 through 2358 as if fully restated herein.

33. In response to Paragraph 2360, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case and, therefore, denies the allegations. Bredero Price denies that the members of the USOR Site PRP Group are entitled to declaratory relief.

34. Paragraph 2361 contains no allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent it does, Bredero Price denies the allegations.

35. In response to Paragraphs 2362 through 2363, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that Bredero Price is liable. Bredero Price denies all other allegations in Paragraphs 2362 through 2363 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT IV – COST RECOVERY UNDER TSWDA

36. In response to Paragraph 2364, Bredero Price incorporates by reference all of its responses to Paragraphs 1 through 2363 as if fully restated herein.

37. Paragraph 2365 is quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, Bredero Price denies the allegations.

38. In response to Paragraph 2366, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

39. Paragraphs 2367 through 2371 are comprised of quotations of statutory authority containing no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent specific admission or denial is required, Bredero Price denies the allegations.

40. In response to Paragraph 2372, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

41. In response to Paragraph 2373, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations with respect to each and every defendant in the case, but denies that the waste allegedly associated with Bredero Price is "solid waste" under the TSWDA.

42. In response to Paragraph 2374, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

43. In response to Paragraph 2375, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations about other Defendants, but denies that the members of the USOR Site PRP Group are entitled to recover under the TSWDA from Bredero. Bredero Price denies all other allegations in Paragraph 2375 and denies that the members of the USOR Site PRP Group are entitled to the relief requested.

## COUNT V – BREACH OF CONTRACT

44. In response to Paragraph 2376, Bredero Price incorporates by reference all of its responses to Paragraphs 1 through 2375 as if fully restated herein.

45. In response to Paragraph 2377 through 2381, Bredero Price lacks sufficient knowledge or information to formulate a belief as to the truth of the allegations and, therefore, denies the allegations.

46. To the extent Bredero Price is referenced in any allegations against entities other than Bredero Price, Bredero Price denies all such allegations to the extent they are inconsistent

with Bredero Price's admissions and denials asserted in response to causes of action plead against Bredero Price.

## AFFIRMATIVE DEFENSES AND OTHER SPECIFIC DEFENSES

47. Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against Bredero Price pursuant to CERCLA.

48. Plaintiff is barred from pursuing relief under section 107 of CERCLA and may only seek relief for contribution under section 113(f).

49. Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted against Bredero Price pursuant to the TSWDA.

50. Plaintiff's allegations against Bredero Price are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance generated by Bredero Price, or any alleged predecessor of Bredero Price, caused any member of the USOR Site PRP Group to incur costs of response recoverable pursuant to CERCLA.

51. Plaintiff's allegations against Bredero Price are vague, ambiguous and uncertain in that Plaintiff fails to plead whether, how and the extent to which Bredero Price, or any alleged predecessor of Bredero Price, released any substance into the environment in violation of the TSWDA.

52. At all times pertinent to Plaintiff's First Amended Complaint, Bredero Price, or any alleged predecessor of Bredero Price, acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

53. Any release for which Plaintiff alleges that Bredero Price, or any alleged predecessor of Bredero Price, is responsible, was a release authorized by statute, ordinance,

9

regulation, or rule of a state, regional or local agency or government or by a permit, license or similar authorization from such entity or authority.

54. Any harm alleged or costs incurred by any member of the USOR Site PRP Group resulted from an independent, intervening and/or supervening cause over which neither Bredero Price, nor any alleged predecessor of Bredero Price, had control, responsibility or liability.

55. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the acts or omissions of a third party or parties with whom Bredero Price, or any alleged predecessor of Bredero Price, had no contractual relationship or control.

56. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused solely by the criminal acts of a third party.

57. Any harm alleged or costs incurred by any member of the USOR Site PRP Group are caused in whole or in part by Acts of God.

58. Any contribution of Bredero Price, if any, to the costs alleged in Plaintiff's First Amended Complaint, is *de minimus* or *de micromis*.

59. Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs that do not constitute costs of response pursuant to CERCLA or recoverable costs pursuant to the TSWDA, including any amounts paid by the members of the USOR Site PRP Group to their counsel of record.

60. Plaintiff's claims are barred to the extent any member of the USOR Site PRP Group seeks to recover costs for actions that exceed applicable regulatory requirements or are otherwise excessive or unnecessary and/or are inconsistent with the National Contingency Plan.

61. Plaintiff's claims are barred to the extent that it failed to mitigate costs in connection with investigation, remediation or related activities for which it seeks recovery.

62. Plaintiff's claims should be barred and/or reduced to the extent any member of the USOR Site PRP Group received or receives grants, funding or forgiveness of indebtedness from any governmental authority, settlement funds or other such payments from any third parties, or to the extent that recovery would be duplicative for any reason and/or would exceed recoverable response costs actually incurred.

63. Plaintiff's claims pursuant to the TSWDA are barred to the extent such claims are preempted by federal law.

64. The imposition of joint and several liability is inappropriate under the circumstances and in the context of the claims asserted in Plaintiff's First Amended Complaint because the response costs claimed are divisible and/or otherwise susceptible to equitable apportionment. Bredero Price is entitled to equitable apportionment.

65. To the extent Bredero Price is found liable for any response costs, Bredero Price requests that the Court allocate the response costs amount to all responsible parties, as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

66. Any substances for which Bredero Price is allegedly responsible were not hazardous substances, were excluded petroleum products and/or are not otherwise substances within the purview of CERCLA or TSWDA.

67. To the extent Plaintiffs allege that Bredero Price is liable as an arranger under CERCLA, Bredero Price lacks the requisite intent to dispose of hazardous substances at the USOR Site.

68. Bredero Price asserts that the USOR Site PRP Group is not a "person," as defined under CERCLA or the TSWDA and lacks standing to bring any claims pursuant thereto.

Similarly, the USOR Site PRP Group is not a signatory to any applicable AOC and has not incurred any response costs.

69.  Plaintiff's claims are barred by limitations, statutes of repose or the equitable doctrine of laches.

70.  Bredero Price did not arrange for the disposal of waste to the extent the materials were commercially valuable substances to be recycled by US Oil.

71.  Plaintiff is not entitled to recover costs of suit, attorney's fees or consultant fees, or interest on any such costs.

72.  Bredero Price reserves the right to raise any affirmative defense pleaded by any of the other defendants.

73.  Bredero Price's discovery in this matter is ongoing.  Accordingly, Bredero Price reserves the right to modify or supplement its affirmative defenses as may become necessary or appropriate.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Bredero Price Co. respectfully requests that (a) Plaintiff take nothing by way of Plaintiff's First Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause; (b) Plaintiff's claims be dismissed in their entirety with prejudice as to Bredero Price; (c) judgment be entered in favor of Bredero Price with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, as the Court deems just and proper.

Dated:  December 21, 2015

       Respectfully submitted,

       _____
       Kenneth O. Corley
       Adm. No. 616944
       Texas Bar No. 24048405
       Jackson Gilmour & Dobbs, P.C.
       3900 Essex Lane, Suite 700
       Houston, Texas 77027
       (713) 355-5006
       (713) 355-5001 (Fax)
       E-Mail: kcorley@jgdpc.com

       **ATTORNEY-IN-CHARGE FOR**
       **DEFENDANT BREDERO PRICE CO.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing document was automatically accomplished on all known filing users through the Court's CM/ECF system and/or in accordance with the Federal Rules of Civil Procedure on this 21st day of December, 2015.

_____
Kenneth O. Corley