UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2441 |
| | § | |
| MEXICO LINDO MARKET, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Before the Court is the defendant, Mexico Lindo Market ("Mexico Lindo"), motion for summary judgment filed against the plaintiff, USOR Site PRP Group ("USOR")[1]. The Court notes that it has issued an omnibus memorandum opinion identifying and discussing undisputed facts and as well, the rudiments of the applicable law, associated solely with the issue of liability under the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA") and the Texas Solid Waste Disposal Act ("TSDWA"). *See* [DE# 3890]. With that memorandum opinion in place and the issue of general liability resolved, the Court will hereafter addresses Bealine's motion for summary judgment [DE# 3280].

### II. JURISDICTIONAL BASES

This suit was filed by USOR to collect response costs and expenses due to alleged environmental contamination at the U. S. Oil Recovery Superfund Site ("USOR Site") and the MCC Recycling Facility located at 200 N. Richey and 400 N. Richey in Pasadena, Texas respectively. On August 14, 2014, the USOR filed this complaint against hundreds of defendants asserting that they

---

[1] The Court adopts the USOR Statement of Undisputed Material Facts, found in its several motions for summary judgment that includes attached exhibits, in reaching its conclusion on the issue of liability.

are collectively responsible, under federal and state law, for response costs and expenses associated with remediating environmental contamination at the identified USOR Sites.

Since the original complaint was filed, the USOR has amended its suit on two occasions, the last on August 1, 2016. The USOR seeks contribution, cost recovery that has occurred or will occur, and declaratory relief under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") and cost recovery under the Texas Solid Waste Disposal Act ("TSWDA"). *See* [42 U.S.C. §§ 9601 *et. seq.*; Tex. Health & Safety Code Ann. §§ 361.001 *et. seq.*, respectively]. This Court has jurisdiction to entertain the issues raised by the USOR under both CERCLA and TSWDA.

### III. HISTORICAL BACKGROUND INCLUDING ADMINISTRATIVE RECORD

The USOR consists of firms, corporations, associations, and/or partnerships. The EPA has determined that the members of the USOR are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "c," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC Conclusions of Law and Determinations ¶ 28 (Dkt. No. 1429-2, at 8)]; and, (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 23 (Dkt. No. 3187-1, at 6)]. Likewise, TCEQ has determined that the members of the USOR are "persons" as defined by Section 361.003(23) of the TSWDA for purposes of USOR's action under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(23). *See* [TCEQ Approval Letter (Dkt. No. 3187-3)].

The members of the USOR are respondents to Removal Action AOC, AOI-1 RI/FS AOC, and Second Removal Action AOC. The USOR is conducting response activities at the USOR Site. *See generally* (a) [Removal Action AOC (Dkt. No. 1429-1)]; (b) [AOI-1 RI/FS AOC (Dkt. Nos. 1429-1 and 1429-2)]; (c) [Second Removal Action AOC (Dkt. Nos. 3187-1 and 3187-2)]; and, (d) [TCEQ Approval Letter (Dkt. No. 3187-3)].

The USOR Site consists of approximately 18 acres, located generally at the US Oil Recovery facility at 400 N. Richey Street and the MCC Recycling facility at 200 N. Richey Street in Pasadena, Texas, and EPA has determined the USOR Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). *See* (a) [Administrative Settlement Agreement and Order on Consent for Removal Action, U.S. EPA Region 6, CERCLA Docket No. 06-10-11, effective August 25, 2011 ("Removal Action AOC"), Definition "p." at p.3, Finding of Fact "a." at p.4, and Conclusion of Law and Determination "a." at p.7 (Dkt. No. 1429-1, at 3, 4, 7)][2]; (b) [Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study, U.S. EPA Region 6, CERCLA Docket No. 06-03-15 ("AOI-1 RI/FS AOC"), Definition "u." at p.5, Finding of Fact p.6, ¶ 13, and Conclusions of Law and Determinations at p.8, ¶ 25 (Dkt. No. 1429-2, at 5, 6, 8)][3]; and, (c) [Administrative Settlement Agreement and Order on Consent for Removal Action, U.S. EPA Region 6, CERCLA Docket No. 06-11-16 ("Second Removal Action AOC"), at Definition "s." at p.4, Finding of Fact "a." at p.4, and Conclusions of Law and Determinations, at p.6, ¶ 20 (Dkt. No. 3187-1, at 4, 6)].[4]

The USOR Site was an oil processing and waste treatment facility that received and performed pretreatment of municipal and industrial Class I and Class II wastewater, characteristically hazardous waste, used oil and oily sludges, and municipal solid waste. *See* (a) [Removal Action AOC, Findings of Fact "a" and "c" at p.4 (Dkt. No. 1429-1, at 4)]; (b) [AOI-1 RI/FS AOC, Findings of Fact 13 and 15 at p.6 (Dkt. No. 1429-2 at 6)]; and, (c) [Second Removal Action AOC, Findings of Fact ¶ 11 at p.5 (Dkt. No. 3187-1, at 5)]. The EPA has determined that there has been a release or threatened release of hazardous substances from the USOR Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22). *See* [(a) Removal Action AOC, Findings of Fact "k." – "r." at p.6, and Conclusion of Law and Determination "b." and "e." at p.7 (Dkt. No. 1429-1, at 6, 7)]; (b) [AOI-1

---

[2] The Removal Action AOC is in the record as Exhibit A (Dkt. No. 1429-1).
[3] The AOI-1 RI/FS AOC is in the record as Exhibit B (Dkt. Nos. 1429-2 and 1430).
[4] The Second Removal Action AOC is in the record as Exhibit A (Dkt. Nos. 3187-1 and 3187-2).

RI/FS AOC, Conclusions of Law and Determinations ¶¶ 26–27 (Dkt. No. 1429-2, at 8)]; (c) [Second Removal Action AOC, Findings of Fact ¶¶ 12–14, Conclusions of Law and Determinations ¶¶ 21–22 (Dkt. No. 3187-1, at 5–6)]; and (d) [EPA, Designation of Hazardous Substances, 40 CFR § 302.4 (Dkt. No. 1431-4)].[5]

The TCEQ has also determined that there has been a release or threatened release from the USOR Site as defined by Section 361.003(28) of the TSWDA for purposes of USOR's action under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(28). *See* [TCEQ Approval Letter (Dkt. No. 3187-3)].[6] Moreover, it has approved the USOR Site PRP Group's response activities as the USOR Site. *See* [TCEQ Approval Letter [Dkt. No. 3187-3)].

The USOR Site PRP Group has incurred and will continue to incur response costs as a result of the release or threatened release of hazardous substances and solid waste at the USOR Site. *See* (a) [Affidavit of Joe Biss dated October 26, 2016 (Dkt. No. 3187-4)][7]; (b) [Removal Action AOC (Dkt. No. 1429-1)]; (c) [AOI-1 RI/FS AOC (Dkt. Nos. 1429-1 and 1429-2)]; (d) [Second Removal Action AOC (Dkt. Nos. 3187-1 and 3187-2)]; and (e) [TCEQ Approval Letter (Dkt. No. 3187-3)].

The EPA has determined that the USOR's response costs are necessary to address the release or threatened release of hazardous substances from the USOR Site. *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "f," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC, Conclusions of Law and Determinations ¶¶ 30–31 (Dkt. No. 1429-2, at 8)]; and (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 25 (Dkt. No. 3187-1, at 6–7)]. As well, TCEQ has determined that the USOR's response costs are necessary to address the release or threatened release of solid waste from the USOR Site. *See* [TCEQ Approval Letter (Dkt. No. 3187-3)]. The EPA has also determined that the USOR's response costs are consistent with the National Contingency Plan ("NCP"). *See* (a) [Removal Action AOC, Conclusions of Law and Determinations

---

[5] The EPA Designation of Hazardous Substances is in the record as Exhibit G (Dkt. No. 1431-4).
[6] The TCEQ Approval Letter is in the record as Exhibit B (Dkt. No. 3187-3).
[7] The Affidavit of Joe Biss is in the record as Exhibit C (Dkt. No. 3187-4).

"f," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC Conclusions of Law and Determinations ¶ 31 (Dkt. No. 1429-2, at 8)]; (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 25 (Dkt. No. 3187-1, at 6–7)]. The Court adopts the EPA's findings as to response costs necessity and consistency.

IV.     **SUMMARY JUDGMENT STANDARD**

Both the USOR and certain defendants have filed motions and/or cross-motions for summary judgment. These motions are not addressed in this Memorandum. However, the law that controls the outcome is set forth hereinafter.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).

Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence

admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

V.  DISCUSSION AND ANALYSIS

Mexico Lindo, contends that it is not involved in activities that generate waste containing "the substance which plaintiff alleges constitutes the hazardous component of the grease which was supposedly deposited in the subject Superfund site." Nevertheless, the defendant admits that its store generates used cooking oil and waste from the butcher shop. The defendant argues, however, that USOR has failed to produce evidence that its disposal waste was hazardous waste under CERCLA and solid waste under the TSWDA.

The fact that Mexico Lindo argues that its waste did not contain hazardous substances is irrelevant to its liability under CERCLA and the TSWDA. *See* 42 U.S.C. § 9601(14)(c); *see also* [DE# 1431-4]. USOR's hazardous substance claim is based on USOR Site records and the unchallenged expert opinion of Dr. Kirk Brown [DE# 3187-5]. Dr. Brown's affidavit states the following:

> I have reviewed the discovery records concerning the operations of the Mexico Lindo Market ("Mexico Lindo") which were provided by counsel. In Mexico Lindo Market's Answer to Plaintiff's Second Amended Complaint, Mexico Lindo stated, "MEXICO LINDO MARKET denies the allegations in Paragraph 2155. MEXICO LINDO MARKET denies it ever by contract, agreement, or otherwise arranged for disposal or treatment at the USOR Site of any waste containing hazardous substance owned or possessed by MEXICO LINDO MARKET. MEXICO LINDO MARKET denies it ever by contract, agreement or otherwise arranged for transport for disposal or treatment at the USOR Site of any waste containing hazardous substance owned or possessed by MEXICO LINDO MARKET.
>
> Mexico Lindo operates a food market, butcher shop, and taqueria facility located at the 508 Houston Blvd., Houston, Harris County, Texas. Waste streams generated by the facility included food wastes, spent grease, warehouse trash, and food service trash, among others.

In my opinion, based on the Mexico Lindo discovery records that I reviewed, my knowledge and experience with grease trap and grease disposal operations carried out by companies like Mexico Lindo during the time period in question, and references provided by EPA and other sources, the waste streams listed above contained one or more of the following substances, all of which are hazardous substances under CERCLA: chromium, copper, zinc, and polycyclic aromatic hydrocarbon ("PAH") compounds including anthracene, fluorene, fluoranthene, naphthalene, phenanthrene, and benzo(a)pyrene, among others.

Further, I understand that the waste streams of Mexico Lindo, which other evidence shows were disposed of at the USOR site, would have contributed to the wastes that were present at the USOR site.

## VI. CONCLUSION

Mexico Lindo has failed to present competent evidence that disputes the records of the USOR Site or the expert testimony of Dr. Brown. Simply asserting that it did not contract or otherwise dispose of its waste at the USOR Site does not, in the face of undisputed evidence that it did, create a disputed fact issue. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Corsair v. Stapp Towing Co., Inc.,* 228 F. Supp. 2d 795, 797 (S. D. Tex. 2002).

Based on the foregoing discussion, the Court is of the opinion and holds that Mexico Lindo's motion should be and it is hereby Denied. The undisputed evidence supports a motion for partial summary judgment for USOR. Therefore, the Court *sua sponte* enters partial summary judgment for USOR.

SIGNED on this 29th day of June, 2017.

Kenneth M. Hoyt
United States District Judge