UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2441 |
| | § | |
| A&M CONTRACTORS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**I.     INTRODUCTION**

Before the Court is the defendant, SK ZTEX, LLC d/b/a Steakountry Buffet ("SK ZTEX") motion for summary judgment filed against the plaintiff, USOR Site PRP Group ("USOR")[1]. The Court notes that it has issued an omnibus memorandum opinion identifying and discussing undisputed facts and as well, the rudiments of the applicable law, associated solely with the issue of liability under the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA") and the Texas Solid Waste Disposal Act ("TSDWA"). See [DE# 3890]. With that memorandum opinion in place and the issue of general liability resolved, the Court will hereafter addresses SK ZTEX's motion for summary judgment [DE#s 3172, 3173, 3174 and 3175].

**II.     JURISDICTIONAL BASES**

This suit was filed by USOR to collect response costs and expenses due to alleged environmental contamination at the U. S. Oil Recovery Superfund Site ("USOR Site") and the MCC Recycling Facility located at 200 N. Richey and 400 N. Richey in Pasadena, Texas respectively. On August 14, 2014, the USOR filed this complaint against hundreds of defendants asserting that they are collectively responsible, under federal and state law, for response costs and expenses associated with remediating environmental contamination at the identified USOR Sites.

---

[1] The Court adopts the USOR Statement of Undisputed Material Facts, found in its motion for summary judgment that includes attached exhibits, in reaching its conclusion on the issue of liability. To the extent that any defendant is found liable that finding rest in the individual defenses and facts to be determined by the Court. It is noteworthy that no defendant has challenged the EPA's administrative findings and conclusion.

Since the original complaint was filed, the USOR has amended its suit on two occasions, the last on August 1, 2016. The USOR seeks contribution, cost recovery that has occurred or will occur, and declaratory relief under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") and cost recovery under the Texas Solid Waste Disposal Act ("TSWDA"). *See* [42 U.S.C. §§ 9601 *et. seq.*; Tex. Health & Safety Code Ann. §§ 361.001 *et. seq.*, respectively]. This Court has jurisdiction to entertain the issues raised by the USOR under both CERCLA and TSWDA.

### III. HISTORICAL BACKGROUND INCLUDING ADMINISTRATIVE RECORD

The USOR consists of firms, corporations, associations, and/or partnerships. The EPA has determined that the members of the USOR are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "c," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC Conclusions of Law and Determinations ¶ 28 (Dkt. No. 1429-2, at 8)]; and, (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 23 (Dkt. No. 3187-1, at 6)]. Likewise, TCEQ has determined that the members of the USOR are "persons" as defined by Section 361.003(23) of the TSWDA for purposes of USOR's action under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(23). *See* [TCEQ Approval Letter (Dkt. No. 3187-3)].

The members of the USOR are respondents to Removal Action AOC, AOI-1 RI/FS AOC, and Second Removal Action AOC. The USOR is conducting response activities at the USOR Site. *See generally* (a) [Removal Action AOC (Dkt. No. 1429-1)]; (b) [AOI-1 RI/FS AOC (Dkt. Nos. 1429-1 and 1429-2)]; (c) [Second Removal Action AOC (Dkt. Nos. 3187-1 and 3187-2)]; and, (d) [TCEQ Approval Letter (Dkt. No. 3187-3)].

The USOR Site consists of approximately 18 acres, located generally at the US Oil Recovery facility at 400 N. Richey Street and the MCC Recycling facility at 200 N. Richey Street in Pasadena, Texas, and EPA has determined the USOR Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). *See* (a) [Administrative Settlement Agreement and Order on Consent for Removal Action, U.S. EPA Region 6, CERCLA Docket No. 06-10-11, effective August 25, 2011 ("Removal

Action AOC"), Definition "p." at p.3, Finding of Fact "a." at p.4, and Conclusion of Law and Determination "a." at p.7 (Dkt. No. 1429-1, at 3, 4, 7)][2]; (b) [Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study, U.S. EPA Region 6, CERCLA Docket No. 06-03-15 ("AOI-1 RI/FS AOC"), Definition "u." at p.5, Finding of Fact p.6, ¶ 13, and Conclusions of Law and Determinations at p.8, ¶ 25 (Dkt. No. 1429-2, at 5, 6, 8)][3]; and, (c) [Administrative Settlement Agreement and Order on Consent for Removal Action, U.S. EPA Region 6, CERCLA Docket No. 06-11-16 ("Second Removal Action AOC"), at Definition "s." at p.4, Finding of Fact "a." at p.4, and Conclusions of Law and Determinations, at p.6, ¶ 20 (Dkt. No. 3187-1, at 4, 6)].[4]

The USOR Site was an oil processing and waste treatment facility that received and performed pretreatment of municipal and industrial Class I and Class II wastewater, characteristically hazardous waste, used oil and oily sludges, and municipal solid waste. *See* (a) [Removal Action AOC, Findings of Fact "a" and "c" at p.4 (Dkt. No. 1429-1, at 4)]; (b) [AOI-1 RI/FS AOC, Findings of Fact 13 and 15 at p.6 (Dkt. No. 1429-2 at 6)]; and, (c) [Second Removal Action AOC, Findings of Fact ¶ 11 at p.5 (Dkt. No. 3187-1, at 5)]. The EPA has determined that there has been a release or threatened release of hazardous substances from the USOR Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22). *See* [(a) Removal Action AOC, Findings of Fact "k." – "r." at p.6, and Conclusion of Law and Determination "b." and "e." at p.7 (Dkt. No. 1429-1, at 6, 7)]; (b) [AOI-1 RI/FS AOC, Conclusions of Law and Determinations ¶¶ 26–27 (Dkt. No. 1429-2, at 8)]; (c) [Second Removal Action AOC, Findings of Fact ¶¶ 12–14, Conclusions of Law and Determinations ¶¶ 21–22 (Dkt. No. 3187-1, at 5–6)]; and (d) [EPA, Designation of Hazardous Substances, 40 CFR § 302.4 (Dkt. No. 1431-4)].[5]

The TCEQ has also determined that there has been a release or threatened release from the USOR Site as defined by Section 361.003(28) of the TSWDA for purposes of USOR's action under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(28). *See* [TCEQ Approval

---

[2] The Removal Action AOC is in the record as Exhibit A (Dkt. No. 1429-1).
[3] The AOI-1 RI/FS AOC is in the record as Exhibit B (Dkt. Nos. 1429-2 and 1430).
[4] The Second Removal Action AOC is in the record as Exhibit A (Dkt. Nos. 3187-1 and 3187-2).
[5] The EPA Designation of Hazardous Substances is in the record as Exhibit G (Dkt. No. 1431-4).

Letter (Dkt. No. 3187-3)].[6] Moreover, it has approved the USOR Site PRP Group's response activities as the USOR Site. *See* [TCEQ Approval Letter [Dkt. No. 3187-3)].

The USOR Site PRP Group has incurred and will continue to incur response costs as a result of the release or threatened release of hazardous substances and solid waste at the USOR Site. *See* (a) [Affidavit of Joe Biss dated October 26, 2016 (Dkt. No. 3187-4)][7]; (b) [Removal Action AOC (Dkt. No. 1429-1)]; (c) [AOI-1 RI/FS AOC (Dkt. Nos. 1429-1 and 1429-2)]; (d) [Second Removal Action AOC (Dkt. Nos. 3187-1 and 3187-2)]; and (e) [TCEQ Approval Letter (Dkt. No. 3187-3)].

The EPA has determined that the USOR's response costs are necessary to address the release or threatened release of hazardous substances from the USOR Site. *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "f," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC, Conclusions of Law and Determinations ¶¶ 30–31 (Dkt. No. 1429-2, at 8)]; and (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 25 (Dkt. No. 3187-1, at 6–7)]. As well, TCEQ has determined that the USOR's response costs are necessary to address the release or threatened release of solid waste from the USOR Site. *See* [TCEQ Approval Letter (Dkt. No. 3187-3)]. The EPA has also determined that the USOR's response costs are consistent with the National Contingency Plan ("NCP"). *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "f," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC Conclusions of Law and Determinations ¶ 31 (Dkt. No. 1429-2, at 8)]; (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 25 (Dkt. No. 3187-1, at 6–7)]. The Court adopts the EPA's findings as to response costs necessity and consistency.

## IV.   SUMMARY JUDGMENT STANDARD

Both the USOR and certain defendants have filed motions and/or cross-motions for summary judgment. These motions are not addressed in this Memorandum. However, the law that controls the outcome is set forth hereinafter.

---

[6]The TCEQ Approval Letter is in the record as Exhibit B (Dkt. No. 3187-3).
[7]The Affidavit of Joe Biss is in the record as Exhibit C (Dkt. No. 3187-4).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).

Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

V. **FACTUAL BACKGROUND, CONTENTIONS, DISCUSSION AND ANALYSIS**

The defendant, SK ZTEX moves for both a "traditional" and a "no-evidence" motions for summary judgment against the plaintiff, USOR, asserting that USOR has failed to present evidence showing that SKZTEX is the proper party to this suit and because SK ZTEX did not exist at the time stated in USOR's complaint. In addition, SK ZTEX challenges USOR's contention that it was an

"arranger" and arranged for the disposal of hazardous materials as defined by the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") and the Texas Solid Waste Disposal Act ("TSWDA"), at the USOR Site.

In four contentions, SK ZTEX argues that: (a) it is not the Steakountry Buffet identified on the USOR Site records; (b) it did not arrange for the disposal of waste at the USOR Site; (c) it cannot be liable for arranging for the disposal of hazardous waste because the USOR has not established that SK ZTEX had the requisite *mens rea* for arranger liability; and (d) the USOR has not demonstrated that was an arranger under CERCLA or TSWDA. Therefore, argues SK ZTEX, summary judgment is appropriate in its behalf.

USOR contends that there is no genuine issue of material fact that prevents the Court from entering a partial summary judgment in USOR's behalf. Concerning SK ZTEX's argument that it is not the steakhouse identified in USOR's records because it did not exist, USOR asserts without dispute the following:

An "assumed name" search with the Harris County Clerk's Office shows eight entities with the assumed name "Steakountry Buffet" formed on or about 1999 through 2014 located in Houston, Texas (Exhibit B hereto). Steakountry was formed at least by 1997. *See* Texas Comptroller Records for Steakountry (Exhibit C hereto). According to Texas Comptroller Records, on or about July 23, 2001, FM 1960 Steakountry, Ltd. was formed (Exhibit D). On or about July 25, 2001, Roger Glaze filed an Assumed Name Certificate on behalf of FM 1960 Steakountry, Ltd. to operate under the assumed name of "Steakountry Buffet" (Exhibit E hereto).

According to Texas Comptroller Records, on or about July 23, 2001, Highway 59 Steakountry, Ltd. was formed (Exhibit F hereto). On or about July 25, 2001, Roger Glaze filed an Assumed Name Certificate on behalf of Highway 59 Steakountry, Ltd. to operate under the assumed name of "Steakountry Buffet" (Exhibit G hereto). According to Texas Comptroller Records, on or about July 23, 2001, Katy Freeway Steakountry, Ltd. was formed (Exhibit H hereto). On or about July 25, 2001, Roger Glaze filed an Assumed Name Certificate on behalf of Katy Freeway Steakountry, Ltd. to operate under

the assumed name of "Steakountry Buffet" (Exhibit I hereto). According to Texas Comptroller Records, on or about September 25, 2001, East Interstate 10 Steakountry, Ltd. was formed (Exhibit J hereto). On or about September 26, 2001, Roger Glaze filed an Assumed Name Certificate on behalf of East Interstate 10 SteaKountry, Ltd. to operate under the assumed name of "Steakountry Buffet" (Exhibit K hereto). These entities all appear to operate under the corporate umbrella of Steakountry, Inc., a corporation formed by Roger Glaze on July 23, 2001. *See* Texas Comptroller Records for Steakountry, Inc. (Exhibit L hereto). In addition, multiple entities in Harris County, Texas assumed name records show "Steakountry Buffet" as an entity and Roger Glaze as the President prior to the November 21, 2005, disposal date. Glaze is the common denominator in all of the Steakountry Buffets. In fact, a Houston Chronicle article, dated August 14, 2005, details that "Roger Glaze bought Steakountry Buffet more than seven years ago" (Exhibit M hereto).

As stated earlier, SK ZTEX has not disputed these facts even though sufficient opportunity has passed. And, it appears that, contrary to the Court's Order and instructions SK ZTEX has attempted to circumvent the orderly process that the Court established in an effort to "create" a disputed fact issue. The arguments presented by SK ZTEX, however, do not create a genuine fact issue, particularly since FRCP, Rule 11 places the duty on SK ZTEX and counsel to plead true facts and not seek to create confusion. The fact that some alleged facts are disputed does not defeat an otherwise properly documented motion for summary judgment. *See Corsair v. Stapp Towing Co., Inc.,* 228 F.Supp. 2d 795, 797 S.D. Tex. (2002). The Court finds that Steakountry Buffet has existed since 2001, irrespective of the number of locations, changes in ownership or corporate restructuring.

SK ZTEX's arguments that it did not arrange or have the requisite *mens re* to arrange for disposals at the USOR Site, finds no favor in the evidence or laws. Grease, waste oil, oily products and trash generate at Steakountry Buffet was delivered to the USOR Site. *Mens rea* has nothing to do with liability where records reflect disposal or treatment by any person who arranges for disposal of its waste. *See Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 608-09 (2009). The act of disposal, irrespective of whether the arranger chose the disposal site is all that is required.

Finally, SK ZTEX argues that USOR Site evidence fails to establish that its waste disposal subject it to CERCLA liability under §§ 361.003(34) and (35). Whether under CERCLA or TSWDA [hazardous material and solid waste], Steakountry Buffet is liable as a person responsible liable under CERCLA and TSDWA. Moreover, and without doubt, Steakountry Buffet is listed as the generator and arranger of "grease", transported to the USOR Site by LWS in 2005. *See* [USOR Site Record for Steakountry, Ex. "A" attached to USOR's motion for summary judgment]; *see also* [DE# 3890].

Based on the foregoing discussion and analysis, the Court determines that USOR's motion for partial summary judgment should be and it is hereby GRANTED.

SIGNED on this 29th day of June, 2017.

_____
Kenneth M. Hoyt
United States District Judge