Case 4:14-cv-02441 Document 4128 Filed on 07/28/17 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2441 |
| | § | |
| SILVERADO SENIOR LIVING, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Before the Court is the defendant', Silverado Senior Living, Inc., ("Silverado") motion for summary judgment filed against the plaintiff, USOR Site PRP Group ("USOR")[1]. The Court notes that it has issued an omnibus memorandum opinion identifying and discussing undisputed facts and as well, the rudiments of the applicable law, associated solely with the issue of liability under the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA") and the Texas Solid Waste Disposal Act ("TSDWA"). See [DE# 3890]. With that memorandum opinion in place and the issue of general liability resolved, the Court will hereafter addresses Silverado's motion for summary judgment [DE#s 2718 and 3120] and USOR's cross-motion for summary judgment [DE# 3170].

**II.    JURISDICTIONAL BASES**

This suit was filed by USOR to collect response costs and expenses due to alleged environmental contamination at the U. S. Oil Recovery Superfund Site ("USOR Site") and the MCC Recycling Facility located at 200 N. Richey and 400 N. Richey in Pasadena, Texas respectively. On

---

[1] The Court adopts the USOR Statement of Undisputed Material Facts, found in its motion for summary judgment that includes attached exhibits, in reaching its conclusion on the issue of liability. To the extent that any defendant is found liable that finding rest in the individual defenses and facts to be determined by the Court. It is noteworthy that no defendant has challenged the EPA's administrative findings and conclusion.

August 14, 2014, the USOR filed this complaint against hundreds of defendants asserting that they are collectively responsible, under federal and state law, for response costs and expenses associated with remediating environmental contamination at the identified USOR Sites.

Since the original complaint was filed, the USOR has amended its suit on two occasions, the last on August 1, 2016. The USOR seeks contribution, cost recovery that has occurred or will occur, and declaratory relief under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") and cost recovery under the Texas Solid Waste Disposal Act ("TSWDA"). *See* [42 U.S.C. §§ 9601 *et. seq.*; Tex. Health & Safety Code Ann. §§ 361.001 *et. seq.*, respectively]. This Court has jurisdiction to entertain the issues raised by the USOR under both CERCLA and TSWDA.

### III.    HISTORICAL BACKGROUND INCLUDING ADMINISTRATIVE RECORD

The USOR consists of firms, corporations, associations, and/or partnerships. The EPA has determined that the members of the USOR are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "c," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC Conclusions of Law and Determinations ¶ 28 (Dkt. No. 1429-2, at 8)]; and, (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 23 (Dkt. No. 3187-1, at 6)]. Likewise, TCEQ has determined that the members of the USOR are "persons" as defined by Section 361.003(23) of the TSWDA for purposes of USOR's action under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(23). *See* [TCEQ Approval Letter (Dkt. No. 3187-3)].

The members of the USOR are respondents to Removal Action AOC, AOI-1 RI/FS AOC, and Second Removal Action AOC. The USOR is conducting response activities at the USOR Site. *See generally* (a) [Removal Action AOC (Dkt. No. 1429-1)]; (b) [AOI-1 RI/FS AOC (Dkt. Nos. 1429-1 and 1429-2)]; (c) [Second Removal Action AOC (Dkt. Nos. 3187-1 and 3187-2)]; and, (d) [TCEQ Approval Letter (Dkt. No. 3187-3)].

The USOR Site consists of approximately 18 acres, located generally at the US Oil Recovery facility at 400 N. Richey Street and the MCC Recycling facility at 200 N. Richey Street in Pasadena, Texas, and EPA has determined the USOR Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). *See* (a) [Administrative Settlement Agreement and Order on Consent for Removal Action, U.S. EPA Region 6, CERCLA Docket No. 06-10-11, effective August 25, 2011 ("Removal Action AOC"), Definition "p." at p.3, Finding of Fact "a." at p.4, and Conclusion of Law and Determination "a." at p.7 (Dkt. No. 1429-1, at 3, 4, 7)][2]; (b) [Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study, U.S. EPA Region 6, CERCLA Docket No. 06-03-15 ("AOI-1 RI/FS AOC"), Definition "u." at p.5, Finding of Fact p.6, ¶ 13, and Conclusions of Law and Determinations at p.8, ¶ 25 (Dkt. No. 1429-2, at 5, 6, 8)][3]; and, (c) [Administrative Settlement Agreement and Order on Consent for Removal Action, U.S. EPA Region 6, CERCLA Docket No. 06-11-16 ("Second Removal Action AOC"), at Definition "s." at p.4, Finding of Fact "a." at p.4, and Conclusions of Law and Determinations, at p.6, ¶ 20 (Dkt. No. 3187-1, at 4, 6)].[4]

The USOR Site was an oil processing and waste treatment facility that received and performed pretreatment of municipal and industrial Class I and Class II wastewater, characteristically hazardous waste, used oil and oily sludges, and municipal solid waste. *See* (a) [Removal Action AOC, Findings of Fact "a" and "c" at p.4 (Dkt. No. 1429-1, at 4)]; (b) [AOI-1 RI/FS AOC, Findings of Fact 13 and 15 at p.6 (Dkt. No. 1429-2 at 6)]; and, (c) [Second Removal Action AOC, Findings of Fact ¶ 11 at p.5 (Dkt. No. 3187-1, at 5)]. The EPA has determined that there has been a release or threatened release of hazardous substances from the USOR Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22). *See* [(a) Removal Action AOC, Findings of Fact "k." – "r." at p.6, and Conclusion of Law and Determination "b." and "e." at p.7 (Dkt. No. 1429-1, at 6, 7)]; (b) [AOI-1

---

[2] The Removal Action AOC is in the record as Exhibit A (Dkt. No. 1429-1).
[3] The AOI-1 RI/FS AOC is in the record as Exhibit B (Dkt. Nos. 1429-2 and 1430).
[4] The Second Removal Action AOC is in the record as Exhibit A (Dkt. Nos. 3187-1 and 3187-2).

RI/FS AOC, Conclusions of Law and Determinations ¶¶ 26–27 (Dkt. No. 1429-2, at 8)]; (c) [Second Removal Action AOC, Findings of Fact ¶¶ 12–14, Conclusions of Law and Determinations ¶¶ 21–22 (Dkt. No. 3187-1, at 5–6)]; and (d) [EPA, Designation of Hazardous Substances, 40 CFR § 302.4 (Dkt. No. 1431-4)].[5]

The TCEQ has also determined that there has been a release or threatened release from the USOR Site as defined by Section 361.003(28) of the TSWDA for purposes of USOR's action under Section 361.344 of the TSWDA, TEX. HEALTH & SAFETY CODE ANN. § 361.003(28). *See* [TCEQ Approval Letter (Dkt. No. 3187-3)].[6] Moreover, it has approved the USOR Site PRP Group's response activities as the USOR Site. *See* [TCEQ Approval Letter [Dkt. No. 3187-3)].

The USOR Site PRP Group has incurred and will continue to incur response costs as a result of the release or threatened release of hazardous substances and solid waste at the USOR Site. *See* (a) [Affidavit of Joe Biss dated October 26, 2016 (Dkt. No. 3187-4)][7]; (b) [Removal Action AOC (Dkt. No. 1429-1)]; (c) [AOI-1 RI/FS AOC (Dkt. Nos. 1429-1 and 1429-2)]; (d) [Second Removal Action AOC (Dkt. Nos. 3187-1 and 3187-2)]; and (e) [TCEQ Approval Letter (Dkt. No. 3187-3)].

The EPA has determined that the USOR's response costs are necessary to address the release or threatened release of hazardous substances from the USOR Site. *See* (a) [Removal Action AOC, Conclusions of Law and Determinations "f," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC, Conclusions of Law and Determinations ¶¶ 30–31 (Dkt. No. 1429-2, at 8)]; and (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 25 (Dkt. No. 3187-1, at 6–7)]. As well, TCEQ has determined that the USOR's response costs are necessary to address the release or threatened release of solid waste from the USOR Site. *See* [TCEQ Approval Letter (Dkt. No. 3187-3)]. The EPA has also determined that the USOR's response costs are consistent with the National Contingency Plan ("NCP"). *See* (a) [Removal Action AOC, Conclusions of Law and Determinations

---

[5] The EPA Designation of Hazardous Substances is in the record as Exhibit G (Dkt. No. 1431-4).
[6] The TCEQ Approval Letter is in the record as Exhibit B (Dkt. No. 3187-3).
[7] The Affidavit of Joe Biss is in the record as Exhibit C (Dkt. No. 3187-4).

"f," p.7 (Dkt. No. 1429-1, at 7)]; (b) [AOI-1 RI/FS AOC Conclusions of Law and Determinations ¶ 31 (Dkt. No. 1429-2, at 8)]; (c) [Second Removal Action AOC, Conclusions of Law and Determinations ¶ 25 (Dkt. No. 3187-1, at 6–7)]. The Court adopts the EPA's findings as to response costs necessity and consistency.

## IV.    SUMMARY JUDGMENT STANDARD

Both the USOR and certain defendants have filed motions and/or cross-motions for summary judgment. These motions are not addressed in this Memorandum. However, the law that controls the outcome is set forth hereinafter.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).

Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence

admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.    CONTENTIONS OF THE PARTIES

### A.    *Silverado's Contentions*

Silverado contends that USOR's "sole" basis for its claim against it rests on a single document that shows that Earth America, as transporter, transported grease generated at Silverado to the USOR Site.  In light of this single event and nothing more, Silverado asserts that there is no evidence that the entity listed in the USOR Site records is one and the same as the entity named in this litigation.  It appears that Silverado also asserts that even if the waste transported came from its facility there is no evidence that the waste was hazardous waste, pursuant to CERCLA or solid waste pursuant to the TSWDA.  Therefore, Silverado argues, there is no basis for this suit against it and, even if it was Silverado's waste, there is no evidence and USOR cannot prove that it was hazardous or solid waste as defined by state and federal law.

### B.    *USOR Response and Contentions*

The USOR asserts that it performed a "diligent pre-litigation" search in order to identify the appropriate party reflected in its records as "Silverado." This search, USOR argues, included the following in addition to USOR Site records: (a) a search of relevant business filing for the relevant period; (b) identification of businesses that existed during the relevant period that were engaged in the type of business that disposed of the type of waste identified in the USOR Site records; and, (c) identification of any Silverado entit(ies) in proximity to the USOR Site for which Earth America served or transported Silverado waste to the USOR Site.

USOR also identified City of Houston records that show that the Silverado, the subject of this suit has held a permit for its grease trap since 2011 at the Silverado Eastex Freeway, location. Finally, the City of Houston records show that South Waste as the successor to Earth America, the former transporter of Silverado's waste, listed on the USOR records. USOR dismisses Silverado's arguments that USOR's evidence is "no evidence" and/or constitutes "mere conclusory allegations, unsubstantiated assertions and speculations and, therefore, moves for a partial summary judgment.

## VI.   DISCUSSION AND ANALYSIS

Silverado argument that simply because it was listed as generator of waste with the City of Houston in 2014 and 2017, does not constitute evidence that it was the generator of the waste deposited at the USOR Site in 2006. This assertion is unfounded and ignores the fact that the City of Houston's records, USOR Site documents, and official document of the state and city constitute more than "some" evidence. It is undisputed that Silverado has operated at the same location since, at least, 2002. Evidence of this fact, also revealed in the Houston Chronicle, stands undisputed. Simply challenging the weight of undisputed evidence, does not overcome rebuttable inferences that may be drawn from summary judgment evidence. In this case, Silverado is faced with a rebuttable presumption and has failed to overcome it. This unrebutted inference taken with evidence from which other rebuttable inference may be drawn, constitute an abundance of coherent evidence.

Based on the undisputed facts and unrebutted inferences, it is undisputed that Silverado operates an assisted living facility at 22955 Eastex Freeway and has done so for over 15 years. Silverado does not dispute that it has an interceptor trap for both grease and lint at that location. Nor does it dispute that it disposes of its waste ("grease") through South Waste, the successor to

Earth America, the former transporter of Silverado waste. Because there is no evidence rebutting USOR's summary judgment proffer, the Court concludes that the Silverado sued here is the same entity that transported waste to the USOR Site. *See Anderson,* 477 U.S. at 250; *see also Corsair v. Stapp Towing Co. Inc.,* 228 F. Supp. 2d 795, 797 (S.D. Tex. 2002). This conclusion is also supported by expert testimony that is unchallenged.

The expert testimony of Dr. Kirk W. Brown constitutes competent summary judgment concerning the attributes of Silverado's waste stream that have not been refuted. *See* [DE# 3370]. In his report, Dr. Brown stated the following:

> I have reviewed the discovery records concerning the operations of the Silverado Senior Living Incorporated ("Silverado") which were provided by counsel.
>
> According to the Texas Department of Aging and Disability Services, Assisted Living Facility Directory, Silverado operates a senior and assisted-living facility located at the 22955 Eastex Freeway in Kingwood, Montgomery County, Texas. Waste streams generated by food services operations at the facility included food wastes, spent grease, packaging wastes, and food service trash, among others. Health care operations at the facility, more likely than not, would have generated waste streams including cleaning compounds, disinfectant products, drain cleaners and solvents, among others as well.
>
> In my opinion, based on the Silverado discovery records that I reviewed, my knowledge and experience with grease trap and grease disposal operations carried out by companies like Silverado during the time period in question, and references provided by EPA and other sources, the waste streams listed above contained one or more of the following substances, all of which are hazardous substances under CERCLA: chromium, copper, zinc, and polycyclic aromatic hydrocarbon ("PAH") compounds including anthracene, fluorene, fluoranthene, naphthalene, phenanthrene, and benzo(a)pyrene, among others.
>
> Further, I understand that the waste streams of Silverado, which other evidence shows were disposed of at the USOR site, would have contributed to the wastes that were present at the USOR site.

>A health consultation by the ATSDR of the neighboring Vince Bayou in August 2009, identified chromium, copper, lead and zinc, among other metals as contaminants of concern. Soil and sediment sampling in the areas of Vince Bayou adjacent to the USOR site indicated the presence of anthracene, fluorene, fluoranthene, naphthalene, phenanthrene, and benzo(a)pyrene, among other PAH compounds, as contaminants of concern.

This evidence, which satisfies in part the strictures of CERCLA, RCRA and TSWDA, is undisputed. The expert evidence is also supported by the Court's previous finding on the issues of hazardous substances and solid waste. *See* [DE# 3890]. Moreover, those findings establish what constitutes a valid CERCLA claim and liability, that the USOR Site is a facility, that a release or threatened release of hazardous substances occurred at the USOR Site, that response costs have been incurred and will likely be necessary in the future, and that the state of Texas agrees and approves of recovery costs as necessary to address a release or threatened release.

### V.   CONCLUSION

The Court is of the opinion and HOLDS that the USOR is entitled to a partial summary judgment, as a matter of law, concerning Silverado's liability under CERCLA and the TSWDA as an arranger because the waste stream of Silverado contained hazardous substances and contributed to the release or threatened release at the USOR Site. Therefore, USOR's motion for partial summary judgment, only on liability, is Granted.

It is so ORDERED.

SIGNED on this 28th day of July, 2017.

_____
Kenneth M. Hoyt
United States District Judge