UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USOR SITE PRP GROUP, *Plaintiff,* vs. A&M CONTRACTORS, INC., et al., *Defendant.* | § § § § § § § § § § § | NO. 4:14 -CV-2441 |

# REPORT AND RECOMMENDATION
# FOR SHOW CAUSE HEARING ON SANCTIONS

This matter was scheduled for court-ordered mediation on September 25, 2018. Orders, ECF No. 4519, 4521. Plaintiff, eight other Defendants, and their counsel appeared. Defendant Sbarro LLC ("Sbarro") failed to appear. Based on the circumstances, this Court recommends Sbarro be held in contempt or otherwise sanctioned for its failure to appear at the mediation unless it can show why such orders are unjust under the circumstances.

## I.
## OVERVIEW

This case involves the disposal of environmental waste. Plaintiff filed suit on August 24, 2014, seeking recovery and contribution from hundreds of Defendants for costs Plaintiff incurred and will incur in the future to study and clean up hazardous waste at the approximately 18-acre U.S. Oil Recovery Superfund Site

and surrounding areas. Third. Am. Compl. at 11, ECF No. 2795. Plaintiff has successfully settled claims with numerous parties before litigation and with many Defendants after litigation was filed.

On June 20, 2018, the District Judge assigned to this case, Judge Kenneth Hoyt, held a telephone conference with the parties regarding mediation of the remaining claims. ECF No. 4474. The District Judge ordered Plaintiff to file a mediation statement and make pre-mediation offers to each party willing to mediate. *Id*. According to Plaintiff's counsel, Sbarro informed counsel that it was willing to mediate. On July 20, 2018, Plaintiff filed its mediation statement under seal. ECF No. 4504. On August 20, 2018, Plaintiff filed its proposed mediation groupings under seal, which included Sbarro in the second group. ECF No. 4507. Sbarro did not object to this proposal.

On August 30, 2018, the District Judge referred the case to the undersigned Magistrate Judge for mediation. Order, ECF No. 4513. On September 10, 2018 and on September 12, 2018, this Court entered orders setting mediation for September 25, 2018 and identifying the parties who were to appear at this mediation. ECF Nos. 4519, 4521. The Court ordered Plaintiff and five Defendants to appear for a first half-day session, and four Defendants, including Sbarro, to appear at the second half-day session. ECF Nos. 4519, 4521. In addition, the Court ordered them each to deliver a confidential mediation statement by September 21 and participate

2

in a pre-mediation conference call on September 24 at 3:00 p.m. ECF Nos. 4519, 4521. All parties, other than Sbarro, submitted mediation statements, participated in the pre-mediation conference call, and appeared for the mediation with their counsel.

Despite receiving the Court's three orders, Defendant failed to provide the Court with his mediation statement, failed to join the pre-mediation conference call, and failed to attend the mediation.

## II.
## DEFENDANT'S CONDUCT WARRANTS THE IMPOSTION OF SANCTIONS

### A. Rule 16(f) Of The Federal Rules of Civil Procedure Provides For Sanctions if a Party Fails to Follow The Court's Order

Under Rule 16(f), the court may, on its own motion, issue any just orders if a party fails to obey a scheduling or other pretrial order. FED. R. CIV. P. 16(f)(1)(c). The Court may hold a party in civil contempt where there is "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *U.S. v. Woodberry*, 405 F. App'x 840, 2010 WL 5186762, at *2 (5th Cir. Dec. 20, 2010) (affirming finding of civil contempt where attorney failed to appear at court ordered hearing and failed to notify court she would not appear) (quoting *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004)). Likewise, the court may award sanctions against a party who fails to comply with a court order.

3

*See Sabre Group, Inc. v. European American Travel, Inc.,* 192 F.3d 126, 1999 WL 683863, at *1-2 (5th Cir. 1999) (Fifth Circuit affirmed district court's sanction of a party failing to attend court-ordered settlement conference).

"'Federal courts have undisputed, inherent power to regulate practice in cases pending before them.'" *Carroll v. Jacques,* 926 F. Supp. 1282, 1288 (E.D. Tex. 1996) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). "This power originates from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Natural Gas Pipeline v. Energy Gathering, Inc.,* 2 F.3d 1397, 1406 (5th Cir.1993), *cert. denied,* 510 U.S. 1073 (1994)) (internal citations omitted). In exercising its inherent power, a court can sanction a party for abusing the judicial process. *Id.* (citing *Chambers,* 501 U.S. at 43–44).

Here, the Defendant failed to comply with, not one, but three court orders. Defendant failed to comply with the District Judge's pretrial order to mediate before the Magistrate Judge. ECF No. 4513. In addition, the Defendant failed to comply with the Magistrate Judge's two orders directing it to file a mediation statement, participate in a pre-mediation call, and mediate on September 25, 2018. ECF No. 4519, 4521. Defendant never notified the Court it was unavailable and provided no justification for failing to appear, either before or after the scheduled mediation. Plaintiff's counsel and the eight other Defendants' counsel prepared

their mediation statements, participated in the pre-mediation call, and attended the mediation with their clients.

Defendant Sbarro and its counsel ignored the Court's orders. Therefore, Sbarro's conduct warrants the imposition of sanctions or a finding of contempt.[1]

### B. The Court Should Issue A Show Cause Order

Before sanctioning Defendant, the Court should issue a show cause order as to why sanctions should not be awarded. Defendant should be required to appear and explain why the imposition of sanctions would be unjust under the circumstances. Fed. R. Civ. P 16(f)(1)(c); *see, e.g., Sabre Group,* 192 F.3d at 127 (finding that court's various orders that it was contemplating sanctions, and hearing on sanctions provided due process before the sanctions order was entered); *Carroll,* 926 F. Supp. at 1288 (district judge held a show cause hearing and awarded sanctions under its inherent powers).

### III.
### CONCLUSION

The Court recommends that the Court issue a Show Cause Order as to why it should not sanction Defendant for its failure to appear at the court-ordered mediation on September 25, 2018.

**The Parties have fourteen days from service of this Report and**

---

[1] Because this was a multiparty mediation, any expenses Plaintiff's counsel may have incurred based on the Defendant's failure to appear at the court-ordered mediation are likely inconsequential. Consequently, limiting any sanctions to an award of Plaintiff's attorneys' fees would trivialize Sbarro's behavior.

**Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on October 2, 2018.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**