**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| USOR SITE PRP GROUP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-02441 |
| | § | |
| A-1 CLEANING SEPTIC SERVICE, LLC, ET AL., | § § | |
| | § | |
| *Defendants*. | § | |

**SWS ENVIRONMENTAL, LLC'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendant SWS Environmental, LLC ("SWS") files its Original Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint and would respectfully show the Court as follows:

## ORIGINAL ANSWER

### STATEMENT OF THE CASE

1. Paragraphs 1-3, which comprise Plaintiff's "Statement of the Case," contain no factual allegations or claims requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent Paragraphs 1-3 state factual allegations, they are denied. SWS denies that Plaintiff is entitled to the relief requested. SWS further denies that the U.S. Oil Recovery Superfund Site includes "any area where hazardous substances that migrated from the U.S. Oil Recovery Site have come to be located."

## JURISDICTION AND VENUE

2. SWS admits that this Court has subject matter jurisdiction pursuant to the federal statutory provisions cited by Plaintiff in Paragraph 4. SWS denies the remaining allegations of Paragraph 4.

3. SWS admits that venue is proper in this district as alleged by Plaintiff in Paragraph 5.

## ALLEGATIONS COMMON TO ALL CLAIMS

4. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 6-33. To the extent a response is required, SWS denies the allegations.

## THE PARTIES

5. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 34-353. To the extent a response is required, SWS denies the allegations.

6. SWS (identified in Plaintiff's Fourth Amended Complaint as "SWS Environmental") denies the allegations of Paragraphs 354-355.

7. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 356-866. To the extent a response is required, SWS denies the allegations.

8. It is unclear whether Plaintiff is referring to SWS in Paragraph 867 when referring to "Defendant SWS Environmental Services." To the extent this paragraph relates to SWS, SWS denies the allegations of contained in Paragraph 867. To the extent this paragraph refers to another party, SWS lack sufficient knowledge or information to either admit or deny these allegations.

9. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 868-1250. To the extent a response is required, SWS denies the allegations.

## COUNT I – COST RECOVERY UNDER CERCLA

10. In response to Paragraph 1251, SWS re-alleges and incorporates by reference its answers to Paragraphs 1-1250.

11. Paragraphs 1252-1260 purport to recite provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 and 9607 (2006), and contain no factual allegations requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, SWS denies the allegations.

12. SWS denies the allegations of Paragraphs 1261-1262.

13. SWS lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 1263 directed at other parties. SWS denies the allegations of Paragraph 1263 as they pertain to SWS. SWS denies it is an arranger or generator of materials containing hazardous substances. SWS denies it selected the USOR Site for the disposal of any material containing hazardous substances.

14. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 1264-1267. To the extent a response is required, SWS denies the allegations.

15. SWS lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 1268 directed at other parties. SWS denies the allegations of Paragraph 1268 as they pertain to SWS.

## COUNT II – CONTRIBUTION UNDER CERCLA

16. In response to Paragraph 1269, SWS re-alleges and incorporates by reference its answers to Paragraphs 1-1268.

17. Paragraph 1270 purports to recite provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613 (2006), and contains no factual allegations requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure.  To the extent a response is required, SWS denies the allegations.

18. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1271.  To the extent a response is required, SWS denies the allegations.

19. SWS lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 1272 directed at other parties.  SWS denies the allegations of Paragraph 1272 as they pertain to SWS.

20. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1273.  To the extent a response is required, SWS denies the allegations.

21. SWS lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 1274 directed at other parties. SWS denies the allegations of Paragraph 1274 as they pertain to SWS. SWS denies any liability in this matter and denies Plaintiff is entitled to any costs, damages, or contribution from SWS.

## COUNT III – DECLARATORY RELIEF UNDER CERCLA

22. In response to Paragraph 1275, SWS re-alleges and incorporates by reference its answers to Paragraphs 1-1274.

23. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1276. To the extent a response is required, SWS denies the allegations.

24. Paragraph 1277 purports to recite provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613 (2006), and contains no factual allegations requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, SWS denies the allegations.

25. Paragraph 1278 contains no factual allegations requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, SWS denies any liability and denies Plaintiff is entitled to the relief requested.

26. SWS lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 1279 directed at other parties. SWS denies the allegations of Paragraph 1279 as they pertain to SWS. SWS denies any liability in this matter and denies Plaintiff is entitled to judgment for past and/or future response costs incurred in connection with the USOR site.

**COUNT IV – COST RECOVERY UNDER TSWDA**

27. In response to Paragraph 1280, SWS re-alleges and incorporates by reference its answers to Paragraphs 1-1279.

28. Paragraph 1281 purports to recite provisions of the TSWDA, Tex. Health & Safety Code Ann. § 361, and contains no factual allegations requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, SWS denies the allegations.

29. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1282. To the extent a response is required, SWS denies the allegations.

30. Paragraphs 1283-1287 purport to recite provisions of the TSWDA, Tex. Health & Safety Code Ann. § 361, and contain no factual allegations requiring admission or denial pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, SWS denies the allegations.

31. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1288-1289. To the extent a response is required, SWS denies the allegations.

32. SWS denies the allegations of Paragraph 1290.

33. SWS denies the allegations of Paragraph 1291. SWS denies any liability to Plaintiff in this matter and further denies Plaintiff is entitled to the relief requested.

## COUNT V – BREACH OF CONTRACT

34. In response to Paragraph 1292, SWS re-alleges and incorporates by reference its answers to Paragraphs 1-1291.

35. SWS lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1293-1302. To the extent a response is required, SWS denies the allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, due to the applicable statute of limitations.

2. Plaintiff's claims are barred, in whole or in part, by waiver.

3. Plaintiff's claims are barred, in whole or in part, by estoppel.

4. Plaintiff's claims are barred, in whole or in part, by laches.

5. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's unclean hands.

6. Plaintiff fails to allege facts sufficient to establish that the named Plaintiff, "USOR Site PRP Group," constitute a "person" as that term is defined in CERCLA § 101(21), 42 U.S.C. § 9601(21) or Section 361.003(23) of the TSWDA, Tex. Health & Safety Code Ann. § 361.003(23); therefore, named Plaintiff lacks standing to bring and cannot state the claims they purport to assert under CERCLA in Counts I, II, and III of the Complaint.

7. Plaintiff fails to allege that SWS had the requisite intent to dispose of hazardous substances at the USOR Site as required by *Burlington Northern and Santa Fe Ry. Co., et al. v. United States*, 556 U.S. 599 (2009); therefore, Plaintiff has failed to state a claim for "arranger" liability under CERCLA in Counts I, II, and III of the Complaint.

8. Named Plaintiff "USOR Site PRP Group" is not a signatory to the "Administrative Settlement Agreement and Order on Consent for Removal Action," CERCLA Docket No. 06-10-11 ("Removal Action AOC"), referenced in paragraphs 20-30 of the Complaint, and named Plaintiff "USOR Site PRP Group" has itself not incurred any response costs in connection with the USOR Site; therefore, named Plaintiff "USOR Site PRP Group" fails to satisfy the statutory prerequisites to bring a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607, or a contribution action under Section 113 of CERCLA, 42 U.S.C. § 9613, or an action to recover the cost of response actions at the USOR Site under Section 361.344 of the TSWDA, Tex. Health and Safety Code Ann. § 361.344.

9. If the Court finds that named Plaintiff has standing to bring a claim under CERCLA, which is denied, to the extent such claim is alleged to arise in whole or in part from response

8

actions undertaken or response costs incurred pursuant to the Removal Action AOC, named Plaintiff is limited to pursuing a claim for contribution against SWS under Section 113 of CERCLA, 42 U.S.C. § 9613(f); therefore, as a matter of law, named Plaintiff is precluded from pursuing a cost recovery action under Section 107 of CERCLA, 42 U.SC. § 9607. *See Exxon Mobil Corp. v. United States*, No. H-10-2386 & No. H-11-1814, 2015 WL 3513949, at *16-19 (S.D. Tex., Jun. 4, 2015).

10. To the extent Named Plaintiff "USOR PRP Site Group" has or will incur response costs, not inconsistent with the National Contingency Plan, relating to conditions caused in whole or in part by the act or omission of a third party, SWS has no liability for any such response costs under CERCLA or TSWDA.

11. SWS is not a waste generator with respect to the USOR Site. SWS played no role in the selection of the USOR Site for the disposal of any transported materials. As such SWS is exempt from liability under CERCLA, 42 U.S.C. § 9607(a)(4) or TSWDA, Tex. Health and Safety Code Ann. § 361.271(a)(4).

12. SWS did not transport any "hazardous substances" as defined in 42 U.S.C. § 9601 with respect to the USOR Site.

13. SWS is not liable as a matter of law for any of the acts or omissions alleged by Plaintiff because SWS did not exist at the time the alleged acts or omissions occurred, nor does it have successor liability for any of the acts or omissions alleged.

14. Plaintiff's Counts I, II, III, and IV each fail to allege facts sufficient to state a claim against SWS upon which relief can be granted, and all such counts fail to meet the pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009); therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all four counts should be dismissed with prejudice as a matter of law.

15. Although SWS denies that it is liable for the releases or threatened releases alleged in the Complaint, or for the costs allegedly incurred to response to those alleged releases, to the extent SWS is found liable, SWS is entitled to an offset against such liability for the equitable share of liability of any other person who would be liable under CERCLA or the TSWDA.

16. SWS asserts there is a complete lack of causation. The alleged disposal, threatened releases, or releases were caused solely by an act or omission of an unrelated third party who was not an employee or agent of SWS and with whom SWS did not have a contractual relationship.

17. The owners and/or operators of the USOR Site are responsible for the alleged threatened or actual releases of allegedly hazardous substances, including but not limited to Klaus Genssler.

18. Some or all of the past, present, or future costs for which Plaintiff seeks reimbursement in this action were incurred by Plaintiff as the result of acts or omissions of third parties other than employees or agents of SWS, or other than one whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with SWS.

19. Some or all of the costs Plaintiff seeks to recover in this action are not costs of removal or remedial action response costs as that term is defined in CERCLA.

20. The costs for which Plaintiff seeks to recover in this action were incurred in a manner which was inconsistent with the National Contingency Plan.

21. Some or all of the costs for which Plaintiff seeks to recover in this action were unreasonable in amount, duplicative, not cost-effective, or not incurred in accordance with applicable law.

22. The response costs allegedly incurred by Plaintiff were part of ordinary landfill closure costs.

23. Plaintiff's alleged damages are divisible; therefore, joint and several liability is not applicable because a reasonable basis for apportionment exists.

24. SWS never owned, operated, or otherwise controlled the USOR Site or its operations.

25. Plaintiff's claims are barred, in whole or in part, by its failure to perform all conditions precedent necessary for the initiation and/or maintenance of this action.

26. Plaintiff's allegations against SWS are vague, ambiguous, speculative, and uncertain in that Plaintiff fails to plead whether, how and the extent to which any substance allegedly generated by SWS caused any member of the USOR Site PRP Group to incur costs of response recoverable pursuant to CERCLA.

27. Plaintiff's allegations against SWS are vague, ambiguous, speculative, and uncertain in that Plaintiff fails to plead whether, how and the extent to which SWS released any substance into the environment in violation of the TSWDA.

28. At all times pertinent to Plaintiff's Fourth Amended Complaint, SWS acted with due care in accordance with all applicable statutory, regulatory and/or industry requirements and standards.

29. Any harm alleged or costs incurred by any member of the USOR Site PRP Group resulted from an independent, intervening and/or supervening cause over which SWS had no control, responsibility or liability.

30. Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over some or all of the claims alleged in the Fourth Amended Complaint.

31. SWS reserves the right to raise any affirmative defense pleaded by any other Defendant.

32. SWS reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Defendant SWS respectfully requests that Plaintiff take nothing by way of Plaintiff's Fourth Amended Complaint or any of the claims stated therein or in any amended complaint filed by Plaintiff in this cause, that Plaintiff's claims be dismissed in their entirety with prejudice as to SWS, and that judgment be entered in favor of SWS with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: August 20, 2019.

Respectfully submitted,

By: */s/ Matthew W. Caligur*
Matthew W. Caligur
Attorney-in-Charge
State Bar No. 24031788
Southern District Bar No. 31597
mcaligur@bakerlaw.com
Kristen H. Luck
State Bar No. 24104027
Southern District Federal ID No. 3111037
kluck@bakerlaw.com
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600

ATTORNEYS FOR DEFENDANT
SWS ENVIRONEMNTAL, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, a true and correct copy of the foregoing was filed electronically with the Court through the Court's Electronic Case Filing System, which will send a notice of this filing to all parties of record.

*/s/ Matthew W. Caligur*
Matthew W. Caligur
